**STATE OF FLORIDA, ex rel. FLORIDA BANK & TRUST COMPANY AT WEST PALM BEACH, as Ancillary Administrator c.t.a of Estate of Elizabeth D. Mesker, Deceased, and ISABELLE OATES, v. JOS. S. WHITE, as Judge of the Circuit Court of the Fifteenth Judicial Circuit of the State of Florida and of Palm Beach County, Acting for and in the absence from the County of the County Judge, as a Probate Judge.**

21 So. (2nd) 213                                     January Term, 1945
December 5, 1944                                             En Banc

*Wideman, Wardlaw & Stewart,* for Florida Bank & Trust Co., administrator, and *Marshall B. Wood* for Isabelle Oates, relators.

*Evans, Mershon & Sawyer,* for respondent.

TERRELL, J.:

Clause Second of the will of Elizabeth D. Mesker is as follows:

"Second (A) I give and bequeath to Countess Ethel de Jumilhac, 1 Rue Brignole, Paris, France, my pendent diamond brooch.

"(B) I give and bequeath to my sister, Mrs. Isabelle Oates, all other jewelry, wearing apparel and personal effects of like kind and description which I may own at the time of my death."

The administrator identified Item 26 of the jewelry inventory as the bequest to Countess Ethel de Jumilhac under Clause A of the will. The Countess denied that Item 26 was the bequest to her and claimed Item 22. Isabelle Oates identified Item 26 as the bequest to Countess Ethel de Jumilhac and denied that Item 26 passed to her under Clause B.

Both Mrs. Oates and the Countess denied that Item 26 passed to them under the will of Mrs. Mesker so the administrator filed his petition in the county judge's court to construe what he terms a latent ambiguity in the will, that is to say, whether under Clause Second of the will, Item 26 passed to Mrs. Oates or Ethel de Jumilhac. The Countess resisted the petition and at the trial her motion to dismiss all proceedings thereunder was granted.

On petition of the administrator and Mrs. Oates, alternative writ of mandamus was granted by this court commanding respondent, circuit judge sitting as probate court, to vacate

his order of dismissal and proceed with the trial or to show why he refuses to do so. The cause is before us on motion for compulsory amendment and a motion to quash the alternative writ.

The main question raised by the pleadings is whether or not respondent had jurisdiction of the subject matter of the litigation.

To support their claim of jurisdiction, relators rely on Section 77 of the Probate Act which provides that the county judge shall have jurisdiction to entertain direct proceedings for the construction of a will or any part thereof on petition filed by the executor or any person interested in the will. Relators also show that title to Item 26 is in the administrator who holds it constructively in the possession of the probate court with the responsibility of delivering it to whom directed by law.

In his order of dismissal, the court found that prior to the institution of this proceeding, the Relator, Florida Bank and Trust Company determined that Item 26 of the jewelry inventory was intended by the testatrix for Countess Ethel de Jumilhac and that all the other jewelry including Item 22 was intended for Isabell Oates. Item 26 was accordingly earmarked for Ethel de Jumilhac and a petition for partial distribution was presented by the bank to the probate judge representing that the description "all other jewelry" as used in Item Second B means the articles of jewelry described in Exhibit A of the receipt which included all jewelry owned by the testatrix at her death except Item 26.

The jewelry was then turned over to Mrs. Oates by order of the probate judge. Mrs. Oates entered into contract with the bank to refund pro rata with other distributees under the will to the extent of saving harmless the ancillary administrator from all claims or demands in connection with the proper administration of the estate by reason of the distribution. No loss has yet occurred to the bank. The order of distribution remains in effect and the bank has not complained. The bank proceeds here on the theory that the order was correct and makes proper distribution under the will and no one interested has raised any question to the contrary.

When Mrs. Oates took possession of the jewelry, she delivered it to Parke-Bernet Galleries, Inc., of New York City for sale and all of it including Item 22 has been sold and delivered to strangers. Ethel de Jumilhac made complaint to Parke-Bernet Galleries, Inc., that Item 22 was rightly hers. Parke-Bernet Galleries, Inc., entered into agreement with Ethel de Jumilhac that it would hold in escrow the net proceeds of Item 22 until the ownership had been judicially determined.

The petition in this case recites that the bank holds Item 26 for Ethel de Jumilhac as her gift under the will but that she now denies that Item 26 was the article intended for her in the bequest and claims title to article 22 or the proceeds thereof. The bank is not obligated to indemnify Mrs. Oates for any loss she may sustain and if the suit now pending in New York courts brought by Ethel de Jumilhac against Mrs. Oates results favorably to the latter, it will be res adjudicata of the claim of Ethel de Jumilhac to Item 22 and the bank cannot suffer.

The petition prayed that the court determine whether or not Item 26 was intended for Ethel de Jumilhac and if not then determine which if any of the articles of jewelry is the article described in paragraph Second A of the will. The Court further found that Item 22 and all other jewelry except Item 26 is now in the hands of strangers, that none of it is in the custody or control of Mrs. Oates, and that an order directing her to restore it would be a nullity. The proceeds of Item 22 is also found to be in the hands of strangers over which Mrs. Oates has no control so an order requiring her to restore that would be a nullity. It was further found that a judgment for the value of Item 22 being in excess of $500 cannot be entered by the probate court. For all of which such an order as is prayed for would be an idle ceremony, the questions are moot and the probate court of Palm Beach County is without jurisdiction in the premises.

After all is said the dismissed petition was not solely one to construe the will or "settle a latent ambiguity in clause second A" nor was it an order distributing the jewelry or the proceeds thereof, but it was one which prayer for "a deter-

mination and identification which, if any at all, of the articles of jewelry of which decedent died, seized and possessed is the article described in paragraph second A of decedent's will."

It is settled law that a court will not entertain a suit to determine a declaration of rights for parties upon facts which have not arisen, upon matters which are contingent, uncertain or rest in the future or upon a matter which is past as upon the past conduct of the executor. Pomeroy's Equity Jurisprudence, 5th Edition, Section 1157-A, page 466. A court has no jurisdiction to adjudicate the right of action in the rem when the property in controversy is without the limits of the court's jurisdiction and its process cannot reach the locus in quo.

The rem involved here in Item 26 and Item 22 of the jewelry inventory and since Item 22 has been sold only the proceeds are involved since they are by contract held in escrow subject to judicial determination of the rightful owner. The proceeds of Item 22 are in the hands of third parties over which the court of Florida have no jurisdiction. It is shown that Item 26 is within the jurisdiction of Florida courts.

The Court was in error in his determination that since the value of Item 22 was more than $500 he could not enter a judgment with reference to that. Section 77 of the Probate Act authorizing the county judge to entertain proceedings to construe wills has reference to the status of property under the will and the right of claimants to the property, the intent of the testator and the manner of executing that intent. Such a construction has no relation to a judgment on the merits when the amount is limited by the Constitution. Redfearn, Wills and Administration page 171.

We think that the court was authorized to construe the will and determine as between Mrs. Oates and Countess Ethel de Jumilhac which was entitled to the ownership and possession of Item 26 under the terms of the will. Until this is done, the will or Clause A of it is the res and the Court has jurisdiction of that. In other words, the Court can settle the rights of the parties as to Item 26. A different rule of law would determine the enforcement of these rights.

Section 77 of the Probate Act is in perfect harmony with Section 17 of Article V of the Constitution defining the duties of the probate judge and within its scope authorizes an adjudication in the nature of a declaratory decree. Under the facts presented, we see no theory under which he can adjudicate the status of Item 22 since it has been removed from the State and sold and both the item and the proceeds held by parties outside the jurisdiction of the court.

As to Item 26, it is shown to be within the jurisdiction of the court and subject to the court's decree. It is our view that as to Item 26, the relators are entitled to the judgment of the probate court as prayed for. The motion to quash is overruled with directions to permit amendment of the alternative writ and grant the peremptory writ on conformity with the views expresed in this opinion.

It is so ordered.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS and SEBRING, JJ., concur.

ADAMS, J., dissents.