**MILLARD CALDWELL, as Governor, et al., as and constituting the Board of Commissioners of State Institutions of the State of Florida, v. JOHN RINGLING NORTH, et al.**

24 So. (2nd) 806            January Term, 1946
February 5, 1946            En Banc

*Doyle E. Carlton, Mabry, Reaves, Carlton, Anderson & Fields,* for appellants.

*John Burket* and *James E. Kirk* for appellees.

TERRELL, J.:

Appellant filed its bill of complaint in the circuit court in March, 1942. In July 1945 an amended bill of complaint was filed, both praying for construction of the will of the late John Ringling. Appellees as executors and trustees under the will moved the court to dismiss the amended bill of complaint, and to "refuse to take original jurisdiction of these proceedings and dismiss the same and order and require the plaintiff to proceed in the County Judge's Court." This motion was granted and the plaintiff appealed.

The question presented is whether or not the plaintiff is such a "person" as is entitled to a declaratory decree construing the will of the late John Ringling.

The bill of complaint was filed pursuant to Section 62.09, Florida Statutes 1941. Before the amended bill of complaint

was filed, Chapter 21820, Acts of 1943, amending Section 62.09, Florida Statutes of 1941 was in effect. The latter act was construed and its scope defined in Robert W. Ready v. Safeway Rock Company decided February 1, 1946. In the Ready case we held that the test to activate jurisdiction under the Declaratory Judgments Act is whether or not the moving party shows that he is in doubt as to the existence or non-existence of some right, status, immunity, power or privilege and that he is entitled to have such doubt removed and if shown to be existent, seek such relief as the circumstances warrant.

The chancellor appears to have dismissed the bill of complaint and to have denied relief on the theory that two bills in equity previously filed by different parties for a similar purpose had been dismissed, one without and one with prejudice, and that since the estate of John Ringling was being administered in the probate court and the probate court had jurisdiction to construe the will, the complainant should be relegated to the probate court for the relief sought.

In view of what we said in Robert W. Ready v. Safeway Rock Company, supra, and the test therein defined as being essential to activate the jurisdiction of the circuit court under the Declaratory Judgments Act, we are convinced that appellants have brought themselves within the test and that they are entitled to have the questions presented by their bill of complaint answered.

It is shown that appellants have such an interest in the construction of the will as warrants them in bringing this suit, that there is no purpose whatever to disturb or interfere with the administration of the estate in the probate court that the question of construing wills is not an exclusive prerogative of the probate court and that the construction sought will be advisory to the probate court and will facilitate the administration of the estate.

The judgment of the circuit court is accordingly reversed, with directions to reinstate the cause and proceed accordingly.

Reversed.

BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C. J., and BROWN, J., dissent.

BROWN, J., dissenting:

The reasons given by the Circuit Judge for dismissing appellant's bill are set forth in the third paragraph of his opinion and decree, which paragraph reads as follows:

"3. That these plaintiffs have heretofore on November 7, 1939, filed in this Court their Bill of Complaint against John Ringling North and Ida Ringling North, individually, and as executors of the Estate of John Ringling, deceased, seeking a construction of the Will and Codicil of the said John Ringling, and after proceedings had therein and after filing in this Court on September 27, 1940, by the United States of America, a similar suit for a construction of said Will and Codicil, wherein the Plaintiffs were made parties Defendant, and the Plaintiffs then having dismissed said suit without prejudice to assert their rights in any further litigation and after said dismissal having filed their answer in the case instituted by the United States of America asking for affirmative relief, and that said Will and Codicil be construed, and that thereafter the Plaintiffs as defendants in said cause, by and through its attorney general and special counsel, having consented and concurred that the motion of the attorneys for the Plaintiff United States of America, also consented and concurred to by the attorneys for the Defendants, John Ringling North and Ida Ringling North, individually and as said Executors, and John North, Henry North and Randolph Wadsworth, individually and as said Trustees, petitioning this Court that said cause be dismissed with prejudice, and it appearing that no action has been taken in this cause for a period of almost three years and that in accordance with the case of Sheldon v. Powell, 128 So. 258, this Court is of the opinion that the Plaintiff had their option to proceed either in the County Judge's Court of Sarasota County or in the Circuit Court, and they chose to proceed in the Circuit Court but having been dismissed from the Circuit Court with prejudice, they ought now be relegated to the Probate Court, which Court has jurisdiction of all of the matters alleged in the Bill of Complaint and can give full, adequate and complete relief in regard thereto."

It seems to me that the reasons so given are sufficient to

sustain the action of the Circuit Court. Appellants had waived their right to insist that the Circuit Court re-assume jurisdiction—a jurisdiction which they had invoked and then effectively abandoned. The questions which they desired adjudicated were within the jurisdiction of the County Judge's court, sitting as a Probate Court, to decide, and in which court the administration of the will and estate in question was then pending, and all the relief prayed for in the Circuit Court could have been granted by the probate court. See 16 Am. Jur. 287, Sec. 14; Borchard on Declaratory Judgments, pp 145, 156.

As I understand the authorities, the Circuit Court was, under the circumstances of this case, vested with discretionary power, a discretion which in my opinion, was not abused. In this connection, see 50 A.L.R. 48; 69 C.J. 863; Crosby v. Burleson, 142 Fla. 443, 195 So. 202; In re Monks' Estate, 155 Fla. 240, 19 So. (2nd) 796; State ex rel Fla. Bank & Trust Co. v. White, 21 So. (2nd) 213, 155 Fla. 591.

My view is that our judgment should be one of affirmance.

CHAPMAN, C. J., concurs.