**IN THE MATTER OF THE ESTATE OF ELIZABETH D. MESKER, deceased; ETHEL de JUMILHAC v. FLORIDA BANK & TRUST CO. AT WEST PALM BEACH, as Ancillary Administrator CTA, etc., and ISABELLE OATES.**

28 So. (2nd) 260                                        June Term, 1946
December 3, 1946                                        Division A
Rehearing denied January 1, 1947

*M. L. Mershon, Evans, Mershon, Sawyer, Johnston & Simmons* and *W. M. Chadbourne* and *Chadbourne, Hunt, Jaeckel & Brown* (New York, N. Y.) for appellant.

*J. Field Wardlaw, Wideman, Wardlaw & Stewart* and *W. B. Wood,* for appellees.

PER CURIAM:

Elizabeth D. Mesker died testate. By her will she bequeathed a "pendant diamond brooch" designated as "Item 26" to Countess Ethel de Jumilhac. She bequeathed other jewelry to her sister, Isabelle Oates. For a fuller statement of the facts see State ex rel. Florida Bank & Trust Company, et al., v. White, 155 Fla. 591, 21 So. (2nd) 212.

The sole question here is the sufficiency and probative effect of the evidence to show whether or not Item 26 was the "pendant diamond brooch" bequeathed to Countess Ethel de Jumilhac.

The appellant contends that there is no competent legal evidence identifying Item 26 as the "pendant diamond brooch" bequeathed to Ethel de Jumilhac and that the effect of the evidence as a whole is to prove that Item 26 is not. and could not be the "pendant diamond brooch" described in Mrs. Mesker's will.

The evidence has been thoroughly examined and some of it is such that another interpretation might have been drawn from it. Much of it is technical to a terminology that rarely passes the scrutiny of this Court, but it was approved by the probate court and his judgment was approved by the Circuit Court. The probate court had the witnesses and the rem before him and we find no reason to overthrow his finding and judgment. The judgment appealed from is, therefore, affirmed, Watts v. Newport, 149 Fla. 181, 6 So. (2nd) 829.

Affirmed.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.