70 So.2d 581 (1954)
BRYANT
v.
GRAY, Secretary of State, et al.
Supreme Court of Florida. En Banc.
February 23, 1954.
*582 Farris C. Bryant of Green & Bryant, Ocala, for appellant.
Richard W. Ervin, Atty. Gen., and Howard S. Bailey, Asst. Atty. Gen., for R.A. Gray, Secretary of State.
J. Lewis Hall, Tallahassee, for J. Brailey Odham.
Ausley, Collins & Ausley and Ben C. Willis, Tallahassee, for LeRoy Collins.
MATHEWS, Justice.
This is a suit seeking a declaratory judgment filed in the Circuit Court of Leon County.
In the case of State ex rel. Ayres v. Gray, Fla., 69 So.2d 187, we held that it was necessary to hold an election at the General Election in November, 1954, to elect a Governor to serve for the balance of the unexpired term of the late Dan T. McCarty, beginning on the first Tuesday after the first Monday in January, 1955.
The petitioner seeks a final decree construing Sections 2 and 19 of Article IV of the State Constitution, F.S.A.
As a basis for a declaratory decree the petitioner alleges that he is legally eligible to become a candidate for the office of Governor of Florida and for nomination by a recognized political party and "is prepared to comply with the provisions of Chapter 99 of Florida Statutes 1953 [F.S.A.], relating to qualification of candidates for nomination and election to the office *583 of Governor of the State of Florida". Petitioner also alleges that he is "desirous of seeking election in the general election of 1956 for a full term as Governor of the State of Florida" but that he is in doubt as to whether, if he seeks election in 1954 and is elected Governor of Florida for the unexpired term, he may thereafter seek re-election in the General Election of 1956. Petitioner is "prepared" to become and "desirous" of becoming a candidate, but at no place does he allege specifically that he will become a candidate for the unexpired term or for the full term. He alleges that he is in doubt as to whether or not he could seek re-election to the office of Governor at the General Election in 1956 in the event he should seek, and be elected to the office of Governor for the unexpired term in the General Election to be held in 1954.
R.A. Gray, Secretary of State, Brailey Odham and LeRoy Collins who are candidates for nomination for the office of Governor in the Primary Election to be held in 1954 for the unexpired term of the late Dan T. McCarty, are made defendants, or respondents.
In the answer filed by the Honorable R.A. Gray, Secretary of State, it is stated:
"* * * However, this defendant avers that said question does not presently involve his official duties under Section 199.13, F.S. [F.S.A.], and related statutes, concerning political party candidates who may desire to qualify in the 1954 primaries for nomination for the office of Governor for said residue of term and concerning party nominees and others who may desire to run in the 1954 general election for the office of Governor for said residue of term; hence, said question involves no immediate official duties of this defendant. * * *"
In the answer filed by the Honorable LeRoy Collins, it is stated:
"* * * That he is not now personally concerned with, nor interested in, his own eligibility to be a candidate in any other election, or for any term other than the one for which he is now a candidate; That the program which he will present to the people of Florida in the forthcoming election will be directed to the said unexpired portion of the term for which Dan McCarty was elected, and no other term."
In the answer filed by the Honorable Brailey Odham, it is stated:
"* * * that he has qualified with the defendant Secretary of State as a candidate for nomination and election to said office for the residue of the term of the late Governor Dan McCarty, and has presented and will present his candidacy to the people of the State of Florida without regard to the question of whether or not this defendant will be eligible for re-election to the office of Governor of Florida in the general election to be held in the year 1956.
"Further answering said Petition, this defendant says that in furtherance of his candidacy he has and will present to the people of the State of Florida his program for operation of the affairs of the State of Florida for and during the residue of the term of the late Governor Dan McCarty, and that no controversy exists between him and the petitioner herein as to whether or not this defendant, if elected to the office of Governor of Florida in the general election of 1954, will be eligible for re-election to said office in the general election to be held in the year 1956, and that the question presented in said Petition does not and will not affect this defendant in offering of his candidacy to the people of the State of Florida for the residue of the term aforesaid."
It, therefore, appears that there is no immediate or present controversy between the appellant, Bryant, on the one hand, and the Honorable R.A. Gray, as Secretary *584 of State, Honorable Brailey Odham or Honorable LeRoy Collins, on the other hand.
The appellant, Bryant, says that he is desirous of being a candidate for a full term in the election in 1956 and might be a candidate for the unexpired term in 1954. He is not sure. In order that he might be assisted in making up his mind in coming to a decision, the petition for declaratory decree was filed, praying for a decree concerning matters which may, or may not, materialize. If he decides to run for Governor in the 1954 primaries for the Democratic nomination for the unexpired term of the late Dan T. McCarty, and if he is nominated and elected in November, 1954, and if he lives until January, 1955 and becomes Governor and if he serves out the unexpired term, and if in the meantime there has been no constitutional amendment affecting the questions proposed, and if he decides to become a candidate for the Democratic nomination in the primaries of 1956, and if he should be nominated and then lives to be elected, may he succeed himself and serve for a full four-year term?
It appears from the record that petitioner obtained the answer he sought in a final decree entered by the Circuit Court in and for Leon County and is now appealing from that decree without an adverse party. No present right is involved. His question is hypothetical and is too remote as to time and too uncertain as to contingencies. He does not allege that he will be nominated or elected to either the unexpired term or a full term. There is no certainty that he will be. There is no certainty that the Constitution will be the same in 1956 as it is today. The Legislature meets in 1955 and under the provisions of Section 3, Article XVII of the State Constitution, a constitutional amendment could be proposed and voted upon by the people which could change the entire picture prior to the primaries and general election to be held in 1956. We have held that the moving party should show a doubt as to the existence or nonexistence of some right, status, immunity, power or privilege. Caldwell v. North, 157 Fla. 52, 24 So.2d 806; Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808.
In the case of May v. Holley, Fla., 59 So.2d 636, 639, we held that "Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts". We also held that there must be some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter. The relief sought should not merely be legal advice by the courts or to give an answer to satisfy curiosity.
In the case of Local No. 234, etc., v. Henley & Beckwith, Inc., Fla., 66 So.2d 818, we held that there must be a bona fide dispute between the contending parties as to a present justiciable question.
In Ervin v. Taylor, Fla., 66 So.2d 816, we held that the Court was without jurisdiction where there was no actual adversaries as to a present, actual dispute or controversy. In City of Hollywood v. Broward County, Fla., 54 So.2d 205, we held a suit prematurely brought where the county's application for a funding program had not been acted upon by the Improvement Commission and the Board of Administration had not passed on the legal and fiscal sufficiency of the proposed program.
In the case of Ervin v. City of North Miami Beach, Fla., 66 So.2d 235, this Court dismissed the appeal of its own motion because there was no actual existing controversy as to the violation of certain ordinances; and in the case of Ervin v. Taylor, supra, the appeal was reversed, with directions to dismiss the petition for declaratory decree because there were no actual, bona fide, adverse parties to the action and no actual existing controversy.
*585 The Circuit Court in and for Leon County, Florida, was without jurisdiction to enter a declaratory decree for the reasons herein stated and the petition for a declaratory decree should have been dismissed without prejudice, on the Court's own motion.
Reversed, with directions to set aside the decree appealed from and to dismiss the petition for declaratory decree, without prejudice.
THOMAS, SEBRING, HOBSON and DREW, JJ., concur.
ROBERTS, C.J., and TERRELL, J., dissent.
TERRELL, Justice (dissenting).
If the question presented was nothing more than one between individuals, I might go along with the majority opinion, but the applicable constitutional provisions are susceptible of more than one interpretation and then I think the time and circumstances under which the appeal is brought present an important public question. I think the candidates and the electorate are entitled to have this question answered, the atmosphere clarified and the doubts and uncertainties removed before they vote in the November election. Such was the theory that impelled us to answer the question presented in State ex rel. Ayres v. Gray, Fla., 69 So.2d 187.
I therefore dissent.
ROBERTS, C.J., concurs.
ROBERTS, Chief Justice (dissenting).
I concur in the view of Mr. Justice TERRELL that this court should take jurisdiction of the question here presented, for the reasons stated in his dissenting opinion, and would hold that where a person becomes Governor by election of the people, either for a two-year term or a four-year term, the provisions of Section 2 of Article IV of the Constitution of the State of Florida would be a bar to his succeeding himself in such office. There are abundant reasons for so holding, but no useful purpose would be served in here detailing them in view of the opinion of the majority of the court that the cause should be dismissed.