HOBSON, Justice.
The Village of El Portal, a municipal corporation in Dade County, Florida, enacted a comprehensive zoning ordinance (Ordinance No. 8) in 1938. Section 5 of this ordinance protected non-conforming uses “existing at the time of the passage of this ordinance or any amendment thereto * * In 1953, the Village adopted Ordinance No. 63 which amended Ordinance No. 8 by zoning some twenty-one acres of land, owned by plaintiff-appellees, for hotel, apartment, bungalow court, and motel uses. Ordinance No. 63 contained the usual clause repealing all ordinances in conflict therewith.
The plaintiff property owners sued the Village and others. Gerhardus Bellema, who owns residential property within the Village, intervened as a defendant, and he is the sole appellant here.
The complaint alleged in substance that certain parts of the land owned by the plaintiffs had, at the time the lands were incorporated into the Village, been devoted to certain business uses (other than those specified in Ordinance No. 63), that the plaintiffs’ lands were wholly unsuited for residential purposes, and that the Village had passed Ordinance No. 63 wherein the Village attempted to restrict the use of plaintiffs’ lands to the construction and erection of residential buildings, regardless of the prior non-conforming uses. Plaintiffs sought a declaratory decree in effect avoiding Ordinance No. 63 and holding it ineffective as to plaintiffs’ property. The relief sought was granted, after hearing, in the final decree appealed from.
As appellant points out, the plaintiffs did not allege, nor did they prove, the existence of any bona fide doubt as to their rights. The Village alleged in its answer that “no contention is made that non-conforming uses existing at the time of the enactment of Ordinance No. 63 may not lawfully continue as such”. Moreover, it is difficult to see how a bona fide doubt could be founded upon a conflict between the two ordinances involved, since Section 5 of Ordinance No. g protects non-conforming uses “existing at the time of * * * any amendment hereto”. Inasmuch as Ordinance No. 63 amends Ordinance No. 8, and repeals only ordinances “in conflict” with itself, nonconforming uses existing at the time of the later ordinance are plainly protected. There was thus no jurisdictional basis for this action founded upon our declaratory judgment statute, and the proceedings must fall. See Bryant v. Gray, Fla., 70 So.2d 581; Caldwell v. North, 157 Fla. 52, 24 So.2d 806; Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808. Cf. Modernage Furniture Corporation v. Miami Rug Company, Fla., 84 So.2d 916.
It follows that the final decree appealed from must be, and it is hereby, reversed with directions to dismiss the cause. It is so ordered.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.