TILLMAN PEARSON, Judge.
The appellants, B. J., Guilford, K. L. Hamilton, F. Ebron, R. White, E. Hayes, A. McKay, W. Carroll, and K. W. Jones, were plaintiffs in a complaint for declaratory decree. The City of Miami and its Civil Service Board were defendants in the trial court and are appellees here. The appellants are police officers of the City of Miami. The trial judge granted a petition for intervention filed on behalf of certain other police officers of the City who claimed an interest in the subject.
The circumstances of the complaint were that a controversy existed between the plaintiff police, officers and the City of Miami in that the plaintiffs claimed the Civil Service rules granted them permanent status in the position they were occupying under a temporary appointment. The complaint alleged in part:
“That the Plaintiffs at all times material to this action have expected the said Civil Service Board to effectuate their petition and Plaintiffs have appeared before the said Civil Service Board, both in person and by and through their undersigned attorneys, and though admissions were made by all parties that the said encumbents have been performing satisfactorily as Detectives for a period of more than (4) years, the said Civil Service Board has steadfastly refused to make such classification permanent.”
Both the City and the iñtervenors filed motions to dismiss, including in each case a ground that the complaint failed to state a cause of action upon which relief could be granted. After hearing on the motions, the trial judge entered an order dismissing the cause with prejudice.
Inasmuch as no evidence was presented, it is apparent that the court did not reach the merits of the controversy. Therefore, the only question before us is whether or not the complaint sufficiently stated a controversy for determination under Chapter *43 87, Fla.Stat., F.S.A., pertaining to declaratory decrees, judgments and orders. We make this point clear because a good portion of the argument before us has been upon the merits of the controversy which we do not reach.
Section 87.01, Fla.Stat., F.S.A., provides that the circuit courts are vested with jurisdiction to declare rights, status or other equitable or legal relations for the purpose of determining the existence of any immunity, power, privilege or right; or any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend. It is clear in this case a real controversy exists and therefore, a cause of action was stated on the face of the complaint. This being true, the trial judge may not summarily dismiss the complaint. Rosenhouse v. 1950 Spring Term Grand Jury, Fla.1952, 56 So. 2d 445; Bell v. Associated Independents, Fla.App.1962, 143 So.2d 904.
Reversed.