PER CURIAM.
The appellants, who were plaintiffs in the trial court, are policemen of the City of Miami. They brought an action for declaratory decree in the circuit court seeking a declaration that under the Civil Service Rules of the City of Miami they were entitled to permanent status at a higher rank than that in which they were classified.[1] The chancellor entered a decree in which he held that the plaintiffs were not entitled to the higher rank and this appeal is from that decree.
The decree entered by the chancellor is as follows:
“1. The equities in this case are in favor of the Defendants, and the Plain *249 tiffs have failed to prove the contentions made in the Complaint entitling them to the relief sought.
“2. The Plaintiffs have failed to show that they have in any way been selected -under paragraphs (a), (b), (c) or (d) of Sub-section 2 of Section 62 of the Charter of the City of Miami or Sections 16, 25, 63 or 64 of the Charter of the City of Miami, which comprise the applicable law of the case.
“3. The Plaintiffs do not come under the provisions of Rule VIII, Sec. 8, page 31 of the Civil Service Rules and Regulations of the City of Miami, Florida, since they were and are serving only in a ‘transfer in assignment’ and are not ‘incumbents of classified positions allocated to New or Higher Levels’.
(see Bloodworth vs. Suggs, [Fla.] 60 So.2d 768)
(Glendinning vs. Curry, [153 Fla. 398] 14 So.2d 794)
“4. This cause be and the same is hereby finally dismissed with prejudice to and at the costs of the Plaintiffs, and the Defendants are free to go hence without day.”
The appellants rely upon Rule VIII, Section 8, Civil Service Rules and Regulations of the City of Miami, which provides:
“Method of Qualifying Incumbents of Classified Positions Allocated to New or Higher levels:
Whenever an occupied position has been allocated to a new or different class, the incumbent thereof shall be qualified for the new class in one of the following manners :
a. If the incumbent has been performing satisfactorily at the new or higher level for a period of four (4) years or more and has held permanent status in the previous classification, he shall receive the new or higher classification with permanent status, without further examination * *
The decision in this case turns upon the chancellor’s finding that the plaintiffs had “failed to prove the contention made in the complaint 'entitling them to the relief sought.”
The basic contention of the appellants is that they are entitled to relief under section 8 of Rule VIII, supra, because they have performed the duties of a “detective”. An amendment to the rules has changed this classification from “detective” to “police sergeant”. In order to be entitled to a favorable declaration, it would be necessary for the chancellor to find from the evidence that the appellants had performed their duties for four years in the classification to which they claimed a permanent right.
The evidence before the chancellor was: (1) those facts admitted by the pleadings and the exhibits attached thereto; (2) exhibits introduced at trial; (3) stipulations; and (4) the testimony of the assistant to the executive secretary of the Civil Service Board. The facts admitted were summarized by the chancellor as follows:
“ * * * the City of Miami admits that these people are members of the Civil Service Board; and that all of the named plaintiffs were members of the Classified Service of the City of Miami and held permanent status in said classification as Policemen First Class, and that the City of Miami ordinances as set out in Paragraph 3 were valid ordinances of the city.”
In addition “transfer in assignment” slips, which show the dates of transfer, were attached to the City’s answer and were introduced into evidence. The transfer slips show that the plaintiffs, appellants, hold the position of “patrolmen first class” and that their “location of employment” has been changed from “traffic uniform” to “criminal investigation”. The defendants stipulated that each plaintiff has been as *250 signed to the duties designated on the transfer slip. There is nothing in the record to show that the plaintiffs have performed the duties of a “detective”.
It is unnecessary for us to proceed further with the discussion of the legal points involved, inasmuch as we find that the chancellor properly determined that the plaintiffs had not made a factual case.
Affirmed.

. We considered the sufficiency of the complaint in Guilford v. City of Miami, Fla.App.1964, 169 So.2d 42.