PEARSON, Judge.
The appellant is a Fire Lieutenant for Metropolitan Dade County, Florida. He filed a complaint for declaratory decree in the circuit court. The burden of this complaint is that he was denied a promotion because the promotional authorities interpreted the personnel rules so that it was necessary that there be a vacancy in that portion of the Fire Department which serves the Dade County Port Authority. He further alleged that such an interpretation of the rules was mistaken and that he was, in fact, entitled to be considered for any vacancy of Fire Captain which occurred in the Division of Fire, Department of Public Safety, Dade County, Florida. He asked for a declaration of his rights under this controversy and for relief incidental to that determination. The defendants filed a joint answer in which they denied the appellant’s allegations and alleged that he was not entitled to promotion under any of the rules adopted by the Personnel Advisory Board of the Civil Service System of Dade County, Florida. The cause came on for trial and the parties submitted evidence. At the conclusion of the plaintiff’s case, the defendants moved for a dismissal of the cause. The chancellor reserved ruling thereon and at the conclusion of the case entered an order in which he found “that the facts and law presented by the plaintiff are insufficient to establish his right to the relief sought and the equities are with the defendants”. The chancellor dismissed the cause pursuant to Rule 1.35(b), Florida Rules of Civil Procedure, 30 F.S.A. This appeal is from that dismissal. The points presented by the appellant urge essentially that he was entitled to a declaration of his rights and status as a member of the classified service of Dade County, Florida, and that therefore, the court erroneously dismissed the cause.
It is apparent that the court correctly dismissed the defendants, Dade County Port Authority and Alan Stewart, Dade County Port Authority Director, inasmuch as no relief is sought against these defendants. Therefore, the order of dismissal as to the Dade County Port Authority and Alan C. Stewart, as Director, will be affirmed.
Appellant’s basic contention, as to the remaining defendants, is that he is entitled to a declaration of his rights rather than a dismissal. He relies upon Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So.2d 445, 447, wherein the Supreme Court held:
“ * * * The right to utilize our declaratory decree statute does not depend upon the existence of an actual controversy but depends upon whether or not the movant shows that he is in doubt as to the existence or non existence of some right, status, immunity, power or privilege, that he is entitled to have such doubt removed, and, if circumstances warrant it, obtain appropriate and necessary relief. Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808; Caldwell v. North, 157 Fla. 52, 24 So.2d 806.”
*617 See also May v. Holley, Fla.1952, 59 So.2d 636; Guilford v. City of Miami, Fla.App.1964, 169 So.2d 42.
Dismissal of appellant’s cause upon the ground that his case was insufficient to establish his right to relief cannot be equated with a holding that the appellant has no right to be considered for a promotion. The inquiry must be whether or not the appellant presented a prima facie case of an actual doubt as to the interpretation of the Civil Service rules by the defendants. If he presented such a case, he is entitled to a declaration adjudicating the existence or non-existence of his rights. See May v. Holley, Fla.1952, 59 So.2d 636, 639; Guilford v. City of Miami, Fla.App.1964, 169 So.2d 42; Hankins v. Title & Trust Company of Florida, Fla.App.1964, 169 So.2d 526.
The witnesses presented by the appellant established the following facts. The appellant placed first on the list of those qualified for promotion under the Civil Service System by reason of his standing on the promotion examination. Thereafter, the appellant was informed that his promotion had been approved and that he would be given the promotion as soon as the Port Authority would accept the transfer of a Fire Lieutenant from the Fire Division to fill the vacancy that would be created by appellant’s promotion. If the transfer had been accepted, there would have been a vacancy in the Fire Division and the appellant would have received the promotion. Unfortunately for the appellant, the departmental head for the Dade County Port Authority refused to allow the proposed transfer or reassignment. This was the sole contingency attached to appellant’s promotion.
The basis for the Port Authority’s action, as stated by its Personnel Officer, was as follows: “Due to the nature of the Airport Fire & Rescue work, the Administration at the Port Authority takes the position that it cannot accept the transfer of a Lieutenant untrained in Airport Fire & Rescue procedures and practices.” If particular skills are required at the Airport,, it would seem appropriate to establish a classification setting forth those skills, but this distinction is not authorized under the present classification system.
By holding that for a vacancy to occur, to which this appellant could be promoted, it was necessary for there to be a “transfer” between the Division of Fire, and the Dade County Port Authority, the appellant was treated as though he were working for a separate fire department under the jurisdiction of the Dade County Port Authority. We find no reference to such a provision in the record before court.
We conclude therefore that there was a' bona fide doubt demonstrated by the appellant as to the existence or non-existence of his rights and status under the Civil Service System of Dade County, Florida. Accordingly, the order of dismissal is reversed and this cause is remanded with directions to proceed with a declaration of plaintiff’s rights and status.
Reversed and remanded.