HENDRY, Judge.
This is an appeal by the plaintiff below, William McLaughlin, from an adverse declaratory decree. As the pertinent facts are set out in this court’s opinion rendered in a previous appeal in this case, McLaughlin v. Metropolitan Dade County, Fla.App.1966, 191 So.2d 615, we will not burden this opinion unnecessarily in attempting a restatement. The decree appealed, which was entered upon remand of the cause, held in essence that appellant had no legal right to a promotion; that the appellant was entitled only to consideration as being one of the top four employees on the promotion list; that appellant had in fact received the consideration to- which he was entitled; and, that to require the county to promote the appellant would violate the rules adopted by the Personnel Advisory Board of the Civil Service System.
Appellant’s attack is based' upon the premise that all promotions must be awarded according to the rules of the Civil Service System, coupled with the fact that he has complied as fully as is possible with the letter and the spirit of those rules. Upon this foundation, appellant reasons that since he was in fact considered and approved for promotion, he is entitled as a matter of right to the benefit of higher rank, absent some restriction, by rule, against his advancement.
Appellant’s reasoning is sound. It appears affirmatively from the record on appeal that the only barricade impeding appellant’s progress is the steadfast adherence by the county to its position that, in order for appellant to be promoted, there must first occur a vacancy created by transfer of personnel from the Division of Fire to the Dade County Port Authority. It should be clear from our previous opinion that we are unable to find any authority to support such a fiction. Ap-pellee’s position may present an impediment from the standpoint of practicality, but it is not and can not be a supportable legal obstacle to appellant’s promotion.
By this opinion we do not intend to say that a civil service employee has a vested legal right to be promoted. Rather, we hold that once a civil service employee has been promoted in compliance with the rules adopted by the Personnel Advisory Board of the Civil Service System, the implementation of the promotion can not be suspended, absent specific authority for so doing.
Therefore, the order appealed is reversed and the cause is remanded with directions that the court below enter a decree ordering that the appellant, William McLaughlin, be forthwith advanced to the rank of Fire Captain, the benefits and emoluments of that office to apply retroactively to October, 1963.
Reversed and remanded with directions.