RAWLS v. D'ALEMBERTE, et al.

No. 74-1822.

Circuit Court, Leon County.

November 20, 1974.

John D. Rawls, Tallahassee, pro. se., and John A. Grant, Jr., Tampa, for the plaintiff.

Victor M. Cawthon of Keen, O'Kelley & Spitz, Tallahassee, for the defendants.

HUGH M. TAYLOR, Circuit Judge.

By amended complaint, styled as above, John D. Rawls seeks a declaratory judgment. The defendants have filed a motion to dismiss questioning the right of plaintiff to the relief sought.

Plaintiff is a member of the Commission on Ethics created by Chapter 74-176, Laws of Florida. The defendants are the other members of that commission.

The factual basis upon which plaintiff seeks relief is that the commission has, over his vote to the contrary, adopted, or failed to adopt, certain procedural policies to be followed in the performance of the duties imposed upon the commission by law with regard to —

(a) The forms to be used in filing complaints with the commission.

(b) The extent and nature of verification of complaints.

(c) The practice to be followed in reporting complaints to the heads of agencies or departments whose officers or employees are the subject of complaint.

(d) The lapse of time between the filing of complaints and the beginning of intensive investigations.

(e) The degree of secrecy of hearings of the commission.

In determining whether or not plaintiff has presented a justiciable controversy for adjudication, the court must consider the status of plaintiff in relation to the subject with respect to which an adjudication is demanded.

Plaintiff may sue as an individual citizen and taxpayer. In order to maintain a suit for declaratory judgment in that capacity, plaintiff must allege facts showing a present need for a determination of his rights. He does not allege that he has a complaint which he has filed or contemplates filing against a state officer or employee. Nor does he allege that a complaint has been filed against him or that he anticipates that one will be filed. In his personal and individual capacity, plaintiff has no controversy with any of the defendants which is ripe for adjudication.

Plaintiff has certain rights and responsibilities as a member of the Commission on Ethics which are separate and distinct from the commission itself. For example, he has the right and duty to participate on an equal basis with other members of the commission in the formulation of the policies of the commission and the performance of the duties of the commission. The complaint does

not allege that any defendant has questioned the plaintiff's membership in the commission or his right to a free and equal voice in the functioning of the commission, nor does it allege any effort on the part of any defendant to interfere with any other right or duty of the plaintiff as a member of the commission, as distinguished from the powers and duties of the commission itself, of which the plaintiff is only a one-ninth part.

Action of the commission which does not affect plaintiff directly or in a manner different from other members of the commission, even though erroneous or illegal, does not give rise to a cause of action by plaintiff, for the reason that such action of the commission is the act of a legal entity of which plaintiff is only a part. If the action be such as to otherwise create personal liability for a legal wrong, to others, the plaintiff's negative vote, duly recorded, is ample to protect him personally. No facts are alleged, and the court can envision none, which show any justiciable controversy between plaintiff and defendants other than differences of opinion with respect to matters which must be determined by the commission as a whole — a legal entity distinct from its members. One of the reasons for creating commissions composed of numerous members is to utilize the best judgment of a majority of the members in the performance of public duties. A minority can serve a useful purpose in criticizing and opposing the action of the majority, but a minority which is not directly and adversely affected cannot litigate with the majority the correctness of its conclusions.

In reaching the conclusions here announced, the court fully recognizes that if a justiciable issue is presented in an action for declaratory judgment, the suit may be maintained even though the ultimate conclusion will be adverse to the view of the plaintiff. But when it is apparent that the plaintiff does not have a justiciable controversy with the defendants which is ripe for decision, the suit must be dismissed.

Nothing herein should be construed as expressing any opinion as to the propriety or legality of any action taken by the Commission on Ethics which may be brought into question by a person or persons affected by such action so as to have a legal interest sufficient to present a justiciable issue.

Plaintiff has also filed a motion to enter an order expediting these proceedings. In view of the conclusions stated above, that motion is now moot.

It is therefore adjudged that the motion of the defendants to dismiss the amended complaint filed in this cause be, and the same is, granted and the complaint and this cause is hereby dismissed.