329 So.2d 277 (1976)
J.H. "Jim" WILLIAMS, As Secretary of the Department of Administration, et al., Appellants,
v.
Ray E. HOWARD et al., Appellees.
No. 48040.
Supreme Court of Florida.
February 26, 1976.
*278 Robert L. Shevin, Atty. Gen., and Thomas A. Harris, Asst. Atty. Gen., David V. Kerns of the Department of Administration, and Arthur C. Canaday, Tallahassee, Gen. Counsel to the Governor, for appellants.
David H. McClain, of McClain & Walkley, and Mark R. Hawes, Tampa, for appellees.
Michael McK. Wilson and David A. Barrett, Tallahassee, for Donald L. Tucker, Barry Kutun, Robert C. Hector, Donald F. Haxelton and Robert McKnight, amicus curiae.
SUNDBERG, Justice.
This matter comes to us on direct appeal from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. We have jurisdiction of the appeal pursuant to Article V, Section 3(b)(1), Florida Constitution, in that the trial court declared unconstitutional Subsection 20.315(6), Florida Statutes, which was enacted by Chapter 75-49, Laws of Florida.[1]
Appellees brought suit under the Declaratory Judgment Act, Section 86.021, Florida Statutes, to have declared unconstitutional those portions of Chapter 75-49, Laws of Florida, which transfer non-quasi-judicial powers from the Parole and Probation Commission to the Department of Offender Rehabilitation. Appellees Howard and Cross sued individually and as members of the Parole and Probation Commission contending that the transfer of the powers, duties and functions of that Commission relating to the supervision of parolees and probationers is unconstitutional under Article IV, Section 8(c), Florida Constitution.[2] Appellees Limpus and Gall sued individually and as field staff employees of the Parole and Probation Commission, alleging that their rights were affected under the Florida Career Service System. Appellees Goolsby and Fletcher sued individually and as probationers under the supervision of the Parole and Probation Commission, alleging that the instant statutory enactment affects the quality of rehabilitation and supervision they receive as probationers.
In ruling upon a motion to dismiss filed by appellants Williams and the Department of Administration of the State of Florida (DOA), the trial court expressly found that appellees Limpus, Gall, Goolsby and Fletcher, had standing to raise the issue of the constitutionality of the Act in their respective alleged capacities. The trial court *279 explicitly ruled that appellees Howard and Cross lacked standing in their capacity as minority members of the Parole and Probation Commission. Each appellee was alleged to be a citizen and taxpayer of the State but the trial court found the complaint to be lacking in any specific allegation as to any unlawful expenditures of public monies if the act is invalid. The court concluded, however, that in view of the presence of other sufficient powers for prosecuting the suit by some of the plaintiffs, the general motion to dismiss should be denied without the necessity of determining whether or not the allegations of the complaint were sufficient to state a case for relief as citizens and taxpayers. The motion to dismiss was denied in an order which also found the statute to be unconstitutional. In the order the court, on the authority of State ex rel. Bisbee v. Drew, 17 Fla. 67 (1879), of its own motion, declined to take jurisdiction of the Governor. Thereafter, Williams and DOA filed their answer denying the material allegations of the complaint. Upon appropriate motion, the court entered an order permitting the State of Florida on the relation of Attorney General Shevin to intervene fully as to the papers, pleadings and orders dealing directly with the constitutionality of Section 20.315(6), Florida Statutes, as enacted by Chapter 75-49, Laws of Florida.
Appellees then filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. Appellants responded with a motion for judgment on the pleadings declaring that Section 20.315(6), Florida Statutes, is a constitutionally valid enactment. Based on agreement of all the parties that final judgment be entered on the motions without further argument or briefing, the trial court entered its final judgment, which in pertinent part declared that so much of Chapter 75-49, Laws of Florida, as purports to transfer from the Parole and Probation Commission of the State of Florida to the Department of Offender Rehabilitation the authority to supervise persons on probation and parole and all powers incident thereto, including the making of necessary investigations and the maintenance of adequate records, is invalid by reason of the operation of the superior force of Article IV, Section 8(c), Constitution of Florida, and enjoining Williams and DOA from taking any action pursuant to the purported authority of those portions of Chapter 75-49, Laws of Florida, which were therein adjudged to be invalid. In its final judgment the court referred to its earlier order denying the motion to dismiss the complaint and determined that it was unnecessary to repeat in the final judgment the conclusions announced in that order. This appeal ensued.
The issues presented for our determination are (i) whether the trial court erred in finding that appellees, as plaintiffs below, have standing to maintain this suit and (ii) whether the trial court erred in finding Section 20.315(6), Florida Statutes, enacted by Chapter 75-49, Laws of Florida, to be unconstitutional. For the reasons hereinafter stated we determine that the trial court did err as to the standing issue, making it unnecessary for us to consider the second issue presented.
With respect to the standing of appellees Howard and Cross to maintain this suit, we concur with the trial court in its determination that those individuals in their capacity as a minority of the Parole and Probation Commission lacked standing to maintain the suit. See Rawls v. D'Alemberte, 41 Fla. Supp. 130 (Leon Cty. Cir.Ct. 1974). We also concur in the trial court's finding that the allegations of the complaint were not specific as to any unlawful expenditures of public monies arising from the asserted invalidity of Section 20.315(6), Florida Statutes. We conclude, however, that such deficiency in the allegations of the complaint is fatal to the standing of Howard and Cross to maintain the suit as citizens and taxpayers. See Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917), the principles of which are reaffirmed *280 in Dept. of Administration v. Horne, 269 So.2d 659 (Fla. 1972) as to the point here under consideration. We do not accept the proposition that standing on the part of some of the plaintiffs to maintain a suit confers standing on other plaintiffs who are not similarly situated.
For the same reasons that the allegations were insufficient to create standing in Howard and Cross as citizens and taxpayers, they are insufficient for the other appellees in such capacity.
We therefore turn next to the standing of appellees Limpus and Gall to maintain this suit as employees of the Parole and Probation Commission. The allegations of the complaint material to this inquiry are contained in paragraphs (2) and (8) of the complaint. They are as follows:
"2. That plaintiffs' rights, status, and legal relations are affected by the transfer of the supervisory authority over parolees and probationers from the Parole and Probation Commission to a newly created department pursuant to Committee Substitute for Senate Bill 169 passed by the Legislature of the State of Florida on May 26, 1975, known as the `Correctional Organization Act of 1975,' having an effective date of July 1, 1975, and designated as Chapter 75-49, Laws of Florida, a copy of said Act marked `Exhibit A' is attached hereto and incorporated herein by reference."
* * * * * *
"8. That in view of Section 8(c) of Article IV of the Constitution of the State of Florida, a dispute exists as to whether the Legislature can constitutionally transfer to the newly created Department of Offender Rehabilitation all of the powers, duties and functions of the Parole and Probation Commission pertaining to the supervision of parolees and probationers; that said dispute affects the legal rights under the Florida Career Service System of plaintiffs, Charles Limpus and Charles D. Gall, as individuals and as employees of the Parole and Probation Commission, as well as the type and quality of rehabilitation and supervision over plaintiffs, Darrell H. Goolsby and Robert J. Fletcher, who under said Act will be supervised by a newly created Department of Offender Rehabilitation also having supervision and custody of inmates confined in State penal institutions."
It is necessary first to determine the proper test to be applied in disposing of the motions for judgment on the pleadings in the context in which those motions were presented to the trial court. The rule ordinarily applicable is that all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment. Fla.R.Civ.P. 1.140; Paradise Pools v. Genauer, 104 So.2d 860 (Fla.App.3d 1958); 2A Moore's Fed.Practice, 2d Ed., 2343. Strict application of the rule here would, of itself, preclude entry of judgment for the appellees because their allegations as to standing were denied in the answer. However, the final judgment entered by the trial court recites, "All parties have agreed that final judgment be entered on the motions without further argument or briefing". We conclude, therefore, that the parties waived strict application of the rule so that the matter could be expeditiously concluded. See Storer v. Florida Sportservice, Inc., 115 So.2d 433 (Fla. App.3d 1959) as discussed in Davis v. Davis, 123 So.2d 377 (Fla.App.1st 1960). We recur to the question of the standard to be applied in passing upon the motions as made by the parties, without regard to the general denials contained in appellants' answer. The test is the same as in disposing of a motion to dismiss for failure to state a cause of action. Reinhard v. Bliss, 85 So.2d 131 *281 (Fla. 1956); Davis v. Davis, supra.
As appears from the allegations hereinabove quoted, appellees Limpus and Gall assert that a dispute exists as to whether the Legislature can constitutionally make the proposed transfer, and then they assert the legal conclusion that said dispute affects their legal rights under the Florida Career Service System as individuals and as employees of the Parole and Probation Commission. They do not allege that their rights will be adversely affected, much less the nature or type of injury which they might sustain. The allegations fall short of constituting the sort of ultimate facts required by the rule to sustain appellees' standing to attack the Act. Fla. R.Civ.P. 1.110, Maiden v. Carter, 234 So.2d 168 (Fla.App.1st 1970). As was aptly stated in Miller v. Miller, 151 So.2d 869 (Fla.App.2d 1963):
"... The courts will not answer a question by way of declaratory relief unless the pleadings allege facts showing that the question then exists; and where the pleadings indicate the possibility that the question will never arise, the courts will deny declaratory relief... ."
The bare assertion that their legal rights will be affected under the Career Service System without alleging how or why is simply not sufficient to demonstrate that any question now exists which requires an answer through operation of the Declaratory Judgment Act.
Appellees Limpus and Gall maintain in their brief in this Court that the possibility exists that they will be directly injured through (i) job reclassification, (ii) loss of Career Service status or (iii) termination of their employment. These assertions are not a part of the pleadings or record before us because of the procedural posture in which this case arrives in this Court. However, it is appropriate for ultimate disposition of the cause to observe that, even if the assertions made were a matter of proof before us, they, at best, only represent speculation and conjecture as to events which may or may not occur at some future date.
Although under the Act it is possible that reclassification could occur, there is no evidence that such will be the case. Additionally, in the event of a change in the classification system, appellees might receive a lower classification. On the other hand, they may receive the same or higher classification, resulting in equal or enhanced compensation.
The argument that Limpus and Gall will lose their Career Service status by being named Regional Directors likewise is conjectural. In their argument they assume that the positions of Regional Director and Program Director will be Career exempt. We cannot accept such assumption because Section 110.051(2), Florida Statutes, enumerates the positions which are exempt from Career Service status. The positions of Regional Director and Program Director are not enumerated therein. Section 2(19)(a) of Chapter 75-49, Laws of Florida, only exempts from operation of such chapter Section 110.022, Florida Statutes, which does not deal with exempt positions. Also, it should be noted that although Chapter 75-48, Laws of Florida, dealing with reorganization of the Department of Health and Rehabilitative Services expressly provides that analogous positions in that Department should be exempt, no such express provision is included in Chapter 75-49, Laws of Florida. See Chapter 75-48, Section 4, Laws of Florida. Consequently, there is not a foundation for the argument that appellees will lose Career Service status.
Appellees' argument that they individually may lose employment altogether because Chapter 75-49, Laws of Florida, authorizes the Secretary, for fiscal year 1975-76, to *282 "delete" authorized positions within the Department is wholly within the realm of speculation. Absent any allegation that they have been advised of contemplated termination or that there exist facts which make such termination at least probable as opposed to possible, one must indulge in guesswork to conclude that termination of these individuals will eventuate.
Appellees Goolsby and Fletcher, probationers currently under the supervision of the Parole and Probation Commission, maintain that the alleged dispute over the constitutionality of Chapter 75-49, Laws of Florida, affects "the type and quality of rehabilitation and supervision" over them because they will be supervised by the newly-created department which also will have supervision and custody of inmates confined in State penal institutions. This simply states a conclusion, not ultimate facts, and is deficient under Fla.R.Civ.P. 1.110, as noted above with respect to the allegations of Limpus and Gall. In their brief Goolsby and Fletcher amplify the allegations of the complaint by urging that (i) the organizational structure of the new department will impede the management decision-making process, thereby delaying services to them; (ii) they will be supervised by individuals who are concerned with programs and services for inmates rather than services and programs designed exclusively for probationers; and (iii) the new Act repeals the statutory authority which created a Department of Community Services, which will result in the loss to the probationers of community-based rehabilitative programs. Perhaps these assertions will prove to be correct, but their mere recitation does not make it so. It is just as reasonable an hypothesis that the reorganized structure will provide a higher quality of service to these probationers. Only time will tell. Consequently, the arguments of these appellees stand on no firmer a foundation as to reasonable probability than those of Limpus and Gall.
This Court has repeatedly held that the mere possibility of injury at some indeterminate time in the future does not supply standing under our Declaratory Judgment Act. In May v. Holley, 59 So.2d 636 (Fla. 1952), for example, it was stated:
"Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts."
See also State ex rel. Fla. Bank & Trust Co. v. White, 155 Fla. 591, 595, 21 So.2d 213, 215 (1944), where it was said:
"It is settled law that a court will not entertain a suit to determine a declaration of rights for parties upon facts which have not arisen, upon matters which are contingent, uncertain or rest in the future... ."
Bryant v. Gray, 70 So.2d 581 (Fla. 1954), provides another illustration of the principle herein reiterated. As basis for a declaratory decree petitioner alleged that he was legally eligible to become a candidate *283 for the office of Governor of Florida and that he was "desirous of seeking election in the general election of 1956 for a full term as Governor of the State of Florida", but that he was in doubt as to whether if he sought election in 1954 and was elected for an unexpired term created by the death of the incumbent, he might thereafter seek re-election in the general election of 1956. Petitioner stated that he was "prepared" to become and "desirous" of becoming a candidate but never specifically alleged that he would become a candidate for the unexpired term or for the full term. This Court reversed a declaratory decree issued by the circuit court, because a proceeding for declaratory relief should not be entertained until there is a clear showing of bona fide, actual, present practical need for such declaration, which should deal with a present, ascertained or ascertainable state of facts or a present controversy as to a state of facts. In its opinion the Bryant court cited and quoted with approval from May v. Holley, supra. See also Harris v. Harris, 138 So.2d 376 (Fla.App.3d 1962).
In our jury instructions we admonish jurors to refrain from speculation or conjecture. The courts should be at least as disciplined when called upon to declare the rights of parties who assert that they will be affected by a state of facts which have not arisen or by matters which are contingent, uncertain or rest in the future.
Finding as we do that the appellees lack standing to maintain this suit, based either upon their pleadings or upon the matters asserted in their brief, we reverse the judgment of the trial court and remand this cause with directions to enter judgment for the appellants upon the issue of standing.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON, ENGLAND and HATCHETT, JJ., concur.
NOTES
[1] AND PROBATION COMMISSION; TRANSFER.  All powers, duties and functions of the Parole and Probation Commission, except those relating to the exercise of its quasi-judicial duties and functions, as provided by law, are hereby transferred by a type four transfer pursuant to s. 20.06(4) to the Department of Offender Rehabilitation. This transfer shall include all court-related investigations, all supervision of parolees and probationers, administrative support services, data collection and information systems, field offices and other programs, and services and resources of the commission which are not necessary for the immediate support of the commissioners. The commission shall retain 155 positions and may add, delete, classify, and reclassify such positions without Department of Administration approval during fiscal year 1975-76. The Department of Offender Rehabilitation shall perform statistical analysis, research, and program evaluation for the Parole and Probation Commission. There shall be only one offender-based information and records system maintained by the Department of Offender Rehabilitation for the joint use of the Department of Offender Rehabilitation and the Parole and Probation Commission. The Department of Offender Rehabilitation shall develop, in consultation with the Parole and Probation Commission, such offender-based information system designed to serve the needs of both agencies. The Department shall notify the Commission of all violations of parole and the circumstances thereof."
[2] may be created by law a parole and probation commission with power to supervise persons on probation and to grant paroles or conditional releases to persons under sentences for crime. The qualifications, method of selection and terms, not to exceed six years, of members of the commission shall be prescribed by law."