## THE CONSOLIDATED CITY OF JACKSONVILLE v CONCERNED TAXPAYERS OF DUVAL COUNTY, INC., etc., et al.

### Case No. 90-17464-CA

Fourth Judicial Circuit, Duval County

December 7, 1990

### APPEARANCES OF COUNSEL

**James L. Harrison, Esquire,** General Counsel for plaintiff, City of Jacksonville.

**Claude L. Mullis, Esquire,** and **Robert Winicki, Esquire,** for defendants.

### OPINION OF THE COURT

PETER L. DEARING, Circuit Judge.

### *ORDER OF DISMISSAL*

The Court has before it a Complaint for Declaratory Judgment filed by The Consolidated City of Jacksonville, seeking a determination of

the validity of the Defendants' Petition to Amend the Municipal Charter of this City. The proposed amendment to the Municipal Charter, which the Defendants allegedly would bring about by public referendum, would limit the increase in ad valorem taxes to an annual rate of not greater than 3% over the previous year. The Complaint by the City alleges that the Defendants are circulating a petition which, if properly signed by the appropriate number of voters, may be presented to the Supervisor of Elections for verification of the signatures and, if verified, placed on the next general election ballot.

The Defendants have moved to dismiss the City's action as premature and therefore not presenting the type of justiciable dispute required by the Declaratory Judgment Act, Chapter 86, Florida Statutes. The Defendants assert that this Court should not accept jurisdiction of this declaratory judgment action because there is no dispute between the parties which is ripe at this time for judicial determination. Defendants suggest that any judicial determination at this early stage would be no more than an advisory opinion, which courts are not authorized to give.

The City suggests, on the other hand, that the case is ripe for determination because an actual dispute exists concerning the exercise of the rights and powers of the respective parties.

The City principally relies on the cases of *Adams v Gunter,* 238 SO.2d 824 (Fla. 1970), and *Board of County Commissioners of Dade County v Wilson,* 386 So.2d 556 (Fla. 1980), to show that this Court has jurisdiction to resolve this dispute. However, unlike the present case, in these two earlier cases an official governmental act rejecting an initiative petition had already been taken. In one case, the Board of County Commissioners had refused to approve the form of a petition. In the other case, the Secretary of State disapproved the petition. In the present case, no official action has been requested or taken, nor is any required by any government official at this stage of the petition process.

While the Court finds it appropriate to commend the General Counsel of the City for attempting to obtain an early judicial resolution of the questions presented by the referendum petition, it is evident to this Court that, where no actual conflict has yet arisen, such a judicial determination would be premature. The petition described in the Complaint has not yet been presented to the Supervisor of Elections, nor has she been asked to verify the signatures thereon or to place this matter on the ballot. Unless and until that happens, and a dispute arises at that point or at some later point in the process, the Court

**133**

should not take jurisdiction in this matter. There are too many contingencies that could occur before that conflict point is reached. It is possible that the Defendants might not obtain the required number of signatures, that the petition in its present form might be changed, that the legislative enactments which allegedly conflict with this petition might be changed, or that the Supervisor of Elections might agree with the Defendants that the petition is facially valid and place it on the ballot, etc. Cf. *Bryant v Gray,* 70 So.2d 581 (Fla. 1954).

It is simply inappropriate for a court to be providing advisory opinions along the way in this process. For the Court to inject its opinion concerning the validity of this proposed Charter amendment at this early stage of the process would open the floodgates of litigation to every person or organization to seek declaratory judgments on the validity of proposed legislation before it is enacted or even formally proposed. This is particularly true in an instance where such advisory opinions, in the form of declaratory judgments, might have a chilling effect on the First Amendment freedoms of defendants to petition for the redress of grievances they have with the operation of city government and to exercise other rights they have under the United States and Florida Constitutions. *Meyer v Grant,* 486 U.S. 414 (1988).

Accordingly, it is

ORDERED AND ADJUDGED:

This action is hereby dismissed without prejudice to the right of the City or the Defendants to refile these proceedings in the event an actual conflict arises such as would present a justiciable issue. The Concerned Taxpayers of Duval County, Inc., may proceed with its petition drive.

DONE AND ORDERED in chambers at Jacksonville, Florida, the 7th day of December, 1990.