858 So.2d 1125 (2003)
Erik P. SYVRUD and Carol C. Syvrud, husband and wife, as individuals, Appellants,
v.
TODAY REAL ESTATE, INC., a Florida corporation, d/b/a Re/Max Today, Appellee.
No. 2D02-4526.
District Court of Appeal of Florida, Second District.
October 31, 2003.
*1126 Patrick B. Calcutt and Kathleen M. Calcutt of Calcutt & Calcutt, P.A., St. Petersburg, for Appellants.
Charles Tyler Cone of Fowler White Boggs Banker, P.A., Tampa, for Appellee.
WALLACE, Judge.
Paul G. Cummings and Mary P. Cummings (the Sellers) entered into a contract with Erik P. Syvrud and Carol C. Syvrud (the Buyers) for the sale and purchase of a townhouse condominium unit located in the Nature's Watch development in Pinellas County, Florida. After the Buyers closed and took possession of the property, they brought an action against Today Real Estate, Inc., a Florida corporation, d/b/a Re/Max Today (the Listing Broker); New York Associates, Inc., a Florida corporation, d/b/a Re/Max Mutual Realty (the Selling Broker); and the Sellers. The Buyers demanded a jury trial, requested rescission of the contract with the Sellers, and asserted claims for damages against the Sellers and both brokers on various theories, including the nondisclosure of hidden defects materially affecting the value of the property pursuant to Johnson v. Davis, 480 So.2d 625 (Fla.1985). The Listing Broker moved to dismiss the claims against it and for judgment on the pleadings on the ground that the provisions of an addendum to the parties' contract relieved the Sellers and the Listing Broker of any duty of disclosure to the Buyers. The trial court granted both motions and entered final judgment in favor of the Listing Broker and against the Buyers. Because we conclude that the provisions of the addendum to the contract did not relieve the Listing Broker of its duty to the Buyers, we reverse the trial court's order and final judgment, and we remand for further proceedings.

Facts and Procedural History
The pertinent facts are alleged in the Buyer's first amended complaint. For purposes of our review, we must assume the factual allegations of the first amended complaint to be true, and we construe them in the light most favorable to the Buyers as the nonmoving party. See *1127 Williams v. Howard, 329 So.2d 277, 280 (Fla.1976); Hosp. Constructors Ltd. v. Lefor, 749 So.2d 546, 547 (Fla. 2d DCA 2000).
On May 7, 2001, the Sellers and the Buyers entered into a contract for sale and purchase of the property on a preprinted form approved by the Florida Association of Realtors and The Florida Bar. The form is commonly known as "the FAR/BAR contract."[1] The Sellers and the Buyers also executed a typewritten addendum and made it a part of the contract. Because the interpretation of some of the provisions of the addendum is critical to the resolution of this appeal, we quote at length from the addendum:
(A) This contract is contingent upon the Buyer's approval of a home inspection to be done by a [l]icensed home inspection company [at] Buyer's expense within 7 days of acceptance. Buyer must, within 3 days from the end of the inspection period, deliver written notice of any items that are not in the condition warrented [sic] and a copy of the inspector's report to the seller. In the event buyer does not approve home inspection, Buyer has the right to declare contract null and void and all escrow monies shall be returned to purchaser. If the Buyer approves the contract and decides to go forward, paragraphs "N" & "D" of the contract will prevail. Buyer also retains right to a final walk-through inspection.
Buyer(s) acknowledge that the inspection(s) shall focus on warrented [sic] items affecting the habitability and not for the purpose of establishing a list of cosmetic repairs for seller(s) to perform, as defined in paragraph "N" of the contract. Buyer(s) hereby acknowledge that the property being sold is not new and that the seller(s) and broker(s) make no verbal representations, warranties, or guarantees as to the condition of the property and it's [sic] appurtenances and/or fitness for specific purpose.
(B) Buyer(s) and seller(s) agree that any workman, contractors, inspectors or experts recommended by the listing or selling agents are for [B]uyer(s) or seller(s)['] convenience only and that such workman, contractors, inspectors or experts should be retained based on [B]uyer(s) and seller(s)['] research and discretion.
Buyer(s) and seller(s) agree to hold harmless Re/Max Mutual Realty [the Selling Broker] and JIM WORCESTER, P.A., from and responsibility regarding the findings of inspections.
(C) Buyer(s) and seller(s) agree to rely upon themselves and those licensed to give professional advise [sic] regarding compliance with or and [sic] aspect of the property including, but not limited to[,] zoning, use restrictions, lot size, availability of improvment [sic] services, school districts, presence of hazardous materials, square footage or dimensions, radon, flood plain designation, roofing, mechanical, electrical, plumbing, appliances and other appurtenances conveyed with the sale. The Real Estate Agents['] opinions, if any, have been only in marketing and sales negotiations.
(D) This contract is contingent on [B]uyer's review and approval of a seller's property disclosure statement within 7 days of receipt of said statement.
The provisions of the addendum referred specifically to two of the paragraphs contained in the "Standards for Real Estate Transactions," which form part of the FAR/BAR contract: paragraph "D" relating to "TERMITES/WOOD DESTROYING ORGANISMS" and paragraph "N" relating to "INSPECTION, REPAIR AND MAINTENANCE." The addendum *1128 did not, however, delete or otherwise reference paragraph "W" relating to "WARRANTY." Paragraph "W" of the "Standards for Real Estate Transactions" provides: "Seller warrants that there are no facts known to Seller materially affecting the value of the Property which are not readily observable by Buyer or which have not been disclosed to Buyer." Paragraph "W" sets forth the Seller's duty of disclosure in connection with residential real estate transactions as declared by the Supreme Court of Florida in Johnson, 480 So.2d at 629.
Paragraph (D) of the addendum made the contract "contingent on [B]uyer's review and approval of a seller's property disclosure statement within 7 days of receipt of said statement." In order to satisfy this contingency, prior to the closing the Sellers signed and delivered to the Buyers a "Sellers Real Property Disclosure" concerning the property. The Sellers' disclosures were presented on a preprinted form apparently provided by the Listing Broker. In pertinent part, the Sellers' disclosure said:
In Florida, a seller is obligated to disclose to a buyer all known facts that materially and adversely affect the value of the property being sold and that are not readily observable. This disclosure statement is designed to assist the seller in complying with the disclosure requirements under Florida law and to assist the purchaser in evaluating the property being considered. The listing real estate agent, the selling real estate agent and their respective agents will also rely upon this information when they evaluate, market and present the seller's property to prospective buyers.
The Sellers' disclosure statement did not disclose any of the hidden defects and other conditions affecting the property that the Buyers alleged they discovered after the closing.
The hidden defects that the Buyers claimed had not been disclosed to them by the Sellers and the Listing Broker were not merely cosmetic in nature. On the contrary, these defects included mildew damage, damage from water leaks, structural cracks, and other structural defects. Nor were the alleged defects confined to the unit purchased by the Buyers. A number of buildings in the project had substantial structural defects. The expenses of remedying these defects caused the condominium association to impose on the unit owners extraordinary assessments estimated to be in excess of $20,000 per unit.
The Buyers closed on the purchase of the property on May 31, 2001. In support of their claim that the Sellers and the Listing Broker knew of the alleged hidden defects in the property prior to closing, the Buyers attached as exhibits to their first amended complaint copies of a series of letters addressed to the unit owners from the homeowners' association and the condominium's property manager. This correspondence consisted of six letters dated from October 8, 1999, to July 26, 2000, all substantially before the closing date of May 31, 2001. This correspondence detailed serious structural deficiencies in the buildings in the project and announced the hiring of a structural engineer, a roof consultant, a repair contracting firm, an architectural firm, a law firm, and a licensed public adjusting firm to address the multiple problems faced by the project. The correspondence also reported some of the extraordinary assessments imposed on the unit owners. A letter dated June 27, 2000, concluded with this ominous warning: "Unless significant recoveries are received from legal action and/or insurance claims, the special assessments against each unit *1129 will be much higher than most owners expect." The Buyers alleged that the Sellers and both brokers had knowledge of the alleged hidden defects in the property and failed to disclose them to the Buyers prior to closing.
The Buyers' first amended complaint alleged six counts against the Sellers, the Selling Broker, and the Listing Broker. In this appeal, we are only concerned with Counts Three and Five, the claims against the Listing Broker:
Count Three: Action for damages for failure to disclose hidden defects materially affecting the value of the property.
Count Five: Action for damages for negligence and "real estate malpractice."
In the order and final judgment under review, the trial court entered judgment on the pleadings against the Buyers on both of their claims against the Listing Broker.

The Standard of Review
The applicable standard of review for a trial court's decision granting a motion to dismiss is de novo review. Ruiz v. Brink's Home Sec., Inc., 777 So.2d 1062, 1064 (Fla. 2d DCA 2001); W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999). The de novo standard of review also applies to a trial court's decision granting judgment on the pleadings. Williams, 329 So.2d at 280-81. Moreover, the trial court's decision in this case is based upon the interpretation of the contract between the Buyers and the Sellers. The decision interpreting this contract presents an issue of law subject to review by the de novo standard. See RNK Family Ltd. P'ship v. Alexander-Mitchell Assocs., 788 So.2d 1035, 1036 (Fla. 2d DCA 2001).

The Law
In its leading decision in Johnson v. Davis, the Supreme Court of Florida declared:
Accordingly, we hold that where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer. This duty is equally applicable to all forms of real property, new and used.
Johnson, 480 So.2d at 629. The parties agree that the duty of disclosure announced in Johnson v. Davis extends to a seller's real estate broker. See Revitz v. Terrell, 572 So.2d 996 (Fla. 3d DCA 1990); Rayner v. Wise Realty Co. of Tallahassee, 504 So.2d 1361 (Fla. 1st DCA 1987). A seller's broker may also be liable to a buyer on the theories of negligence and fraudulent misrepresentation. See Young v. Johnson, 538 So.2d 1387 (Fla. 2d DCA 1989).

Analysis
The last sentence of paragraph (A) of the addendum to the contract states: "Buyer(s) hereby acknowledge that the property being sold is not new and that the seller(s) and broker(s) make no verbal representations, warranties, or guarantees as to the condition of the property and it's [sic] appurtenances and/or fitness for specific purpose." This sentence forms the basis for the Listing Broker's argument that the Buyers waived their claims for nondisclosure of hidden defects and negligence. After a thorough review of the entire contract, we conclude that the quoted provision in the addendum does not have the exculpatory effect claimed for it by the Listing Broker.
*1130 The addendum provision in question is divided into two parts. The first part of the provision alerts the Buyers to the obvious fact that the condominium unit is not new construction. An informed purchaser might infer from this declaration that depending upon the date of completion of construction of the building or improvementsthe statutory implied warranties imposed on developers of condominiums and their contractors, subcontractors, and suppliers by section 718.203, Florida Statutes (2000), may be unavailable. The second part of the provision purports to disclaim, on behalf of the Sellers and both brokers, any representations, warranties, or guarantees concerning the condition of the property and its fitness for a specific purpose. Nevertheless, at no point does this provision or any other part of the addendum specifically state that the Buyers waive the Sellers' duty to disclose hidden defects materially affecting the value of the property as required by Johnson v. Davis. If the provision in question disclaims representations, warranties, and guarantees concerning the property, but does not specifically provide for a waiver of the duty to disclose, how is it to be interpreted?
We think the provision in the addendum is the functional equivalent of an "as is" clause. The description of the property as "not new" and the disclaimer of any representations, warranties, or guarantees concerning it are characteristic of an "as is" transaction. See generally Jeffrey A. Grebe, What Is "As Is" in Florida?, 30 Stetson L.Rev. 875 (2001). An "as is" clause in a contract for the sale of residential real property does not waive the duty imposed by Johnson v. Davis to disclose hidden defects in the property. See Levy v. Creative Constr. Servs. of Broward, Inc., 566 So.2d 347 (Fla. 3d DCA 1990); Rayner, 504 So.2d at 1364. Therefore, the Buyers' claim against the Listing Broker for nondisclosure of hidden defects under Johnson v. Davis stated a cause of action. The trial court erred in entering a judgment on the pleadings in favor of the Listing Broker on Count Three of the Buyers' first amended complaint.
We also conclude that the provision in the addendum does not necessarily relieve the Listing Broker of liability on the negligence claim alleged in Count Five of the first amended complaint. The "as is" disclaimer in the addendum may affect the issue of the extent to which the Listing Broker owed a duty of care to the Buyers. See Knipp v. Weinbaum, 351 So.2d 1081, 1085-86 (Fla. 3d DCA 1977) (discussing the effect of an "as is" term contained in a bill of sale for a motorcycle on an action for negligence). The effect of the disclaimer in the context of an action for negligence, however, is a question of fact subject to the jury's determination of what was reasonable under the circumstances. Id. at 1086; see generally Grebe, 30 Stetson L.Rev. at 915-20. Therefore, the Buyers' claim against the Listing Broker for negligence also stated a cause of action. The trial court erred in entering a judgment on the pleadings in favor of the Listing Broker on Count Five of the Buyers' first amended complaint.
Three additional facts support our decision. First, the addendum does not provide that paragraph "W" of the "Standard for Real Estate Transactions" in the FAR/BAR contract would not apply. Paragraph "W" provides for an express warranty by the contract seller that "there are no facts known to Seller materially affecting the value of the Property which are not readily observable by Buyer which have not been disclosed to Buyer." Because the addendum does not provide that paragraph "W" would not apply, it is reasonable to construe the provision in the addendum *1131 as an "as is" clause rather than as a disclaimer of the duty of disclosure under Johnson v. Davis. To interpret the addendum provision otherwise would not be in accord with the intent of the parties as expressed in their written contract.
Second, paragraph (D) of the addendum specifically provides: "This contract is contingent on [B]uyer's review and approval of a seller's property disclosure statement within 7 days of receipt of said statement." This paragraph indicates that the parties intended not to dispense with but, rather, to mandate compliance with the Johnson v. Davis requirements.
Third, in compliance with paragraph (D) of the addendum, the Sellers delivered their "Sellers Real Property Disclosures" to the Buyers on a preprinted form apparently provided by the Listing Broker. The language on the form expressly recited the seller's duty to disclose hidden defects under Johnson v. Davis. In construing a contract, the actions of the parties may be considered as a means of determining the interpretation that they themselves had placed on the contract. See Lalow v. Codomo, 101 So.2d 390, 393 (Fla. 1958); Mesick v. Loeser, 311 So.2d 132, 136 (Fla. 2d DCA 1975). In this case, the Sellers' delivery to the Buyers of real property disclosures prior to closing in purported compliance with the rule of Johnson v. Davis on a form apparently provided by the Listing Broker is inconsistent with the Listing Broker's claim that the Sellers were the beneficiaries of a contractual disclaimer of the duty to disclose.
The Listing Broker has called to our attention several decisions that have determined waivers and exculpatory clauses to be valid and enforceable in a variety of contexts. The Listing Broker has cited these decisions in support of the proposition that a purchaser of residential property can make a valid waiver of the duty of disclosure under Johnson v. Davis. We find it unnecessary to address this issue. Our resolution of this appeal turns entirely on the allegations of the Buyers' first amended complaint and our interpretation of the terms of the parties' contract. Because we conclude that this contract does not provide for a waiver of the duty of disclosure, we do not reach and expressly do not decide the issue of whether a buyer of residential real property can waive the duty of disclosure under Johnson v. Davis.[2]
For the foregoing reasons, the trial court's order and final judgment in favor of the Listing Broker must be reversed.
Reversed and remanded for further proceedings consistent with this opinion.
FULMER and COVINGTON, JJ., concur.
NOTES
[1] The particular version of the form used was the August 1998 revision.
[2] See Carrero v. Porterfield, 752 So.2d 699, 699-700 (Fla. 2d DCA 2000) (Altenbernd, A.C.J., dissenting from decision without published opinion) (doubting whether Florida law allows a buyer's waiver of contractual warranties to operate as a bar to a claim of fraud under Johnson v. Davis). The parties have not cited, and our independent research has not disclosed, a Florida case squarely deciding this issue.