861 So.2d 1256 (2003)
ELIZA STEPHENSON MEYER, Appellant,
v.
ROBERT C. THOMPSON, as Personal Representative of the Estate of John W. Davidson, Appellee.
Nos. 4D01-400, 4D02-1032, 4D02-1035, 4D02-1053.
District Court of Appeal of Florida, Fourth District.
December 17, 2003.
*1257 John Beranek of Ausley & McMullen, Tallahassee, and Frederick M. Dahlmeier of Cromwell & Dahlmeier, North Palm Beach, for appellant.
Ronald E. Crescenzo of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellee.
MAY, J.
Litigation concerning the purchase of a duplex that had extensive termite damage brings this case to the court in multiple consolidated appeals. The purchaser appeals a final judgment and an order denying an additur. The seller cross-appeals. Three issues are raised: (1) the court's denial of the motion for additur; (2) the instructions and verdict form that allowed the jury to consider comparative negligence; and on cross appeal, (3) the method by which the court considered the set-off issue. We reverse on the comparative negligence issue and affirm in all other respects.
In 1992, the seller and purchaser entered into a contract for sale of a 67-year old wooden duplex in Palm Beach. In January 2003, after discovering extensive termite and dry rot damage during the remodeling of the duplex, the purchaser filed a complaint against the seller alleging fraudulent concealment, breach of express warranty, and violation of the building code.
The seller asserted comparative negligence as an affirmative defense.[1] Despite numerous attempts to have the defense stricken, the issue remained for consideration at trial. Over the purchaser's objection, the court instructed the jury on comparative negligence and permitted the jury to consider the percentage of fault to be attributed to the seller, the purchaser, the real estate brokers, and the inspection company. The jury determined damages in the amount of $200,000, and equally apportioned fault amongst the purchaser, seller, and the brokers. The purchaser filed a motion for additur and for new trial. The seller moved for entry of a final judgment.[2] Ultimately, the trial court entered an amended final judgment for one-third of the $200,000 awarded by the jury, plus interest, for a total of $132,230.26.
The purchaser argues that the trial court erred by allowing the jury to consider the comparative negligence issue. We agree and reverse. We have reviewed this issue de novo as it includes a pure question of law. Armstrong v. Harris, 773 So.2d 7 (Fla.2000).
In pleading his cause of action, the purchaser relied upon the theory of fraudulent concealment set forth in Johnson v. Davis, 480 So.2d 625 (Fla.1985), and breach of an express warranty. In Johnson, the Supreme Court of Florida held "that where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer." Id. at 629. Wisely, the purchaser avoided pleading a claim for negligent misrepresentation.
*1258 The seller argues, however, that the "duty" imposed in Johnson evolves from the duty found in negligence claims and therefore comparative negligence should apply. Indeed, this court has noted that the "duty" to disclose established in Johnson is derived from the law of negligence. See Billian v. Mobil Corp., 710 So.2d 984 (Fla. 4th DCA 1998) (noting that the sellers' state of mind is irrelevant to a claim of non-disclosure or concealment). However, our acknowledgment of that concept does not convert the purchaser's claim of fraudulent concealment into a negligent misrepresentation claim.
Section 768.81(4)(a), Florida Statutes (2002) defines comparative fault and sets forth when the issue should be considered as follows:
This section applies to negligence cases. For purposes of this section, "negligence" includes, but is not limited to, civil actions for damages based upon theories of negligence, strict liability, products liability, professional malpractice whether couched in terms of contract or tort, or breach of warranty and like theories. In determining whether a case falls within the term "negligence cases," the court shall look to the substance of the action and not the conclusory terms used by the parties.
The facts in this case undisputedly revealed conduct far beyond that of negligence. The seller admitted knowledge of the termite and dry rot damage and had gone to great lengths to actively cover it up to avoid detection by a prospective purchaser. Thus, not only were there no allegations of negligence, the substance of this cause of action did not fall within the term "negligence." This rendered the affirmative defense of comparative negligence inapplicable.
Because the trial court instructed the jury on comparative negligence and allowed the jury to apportion fault, we reverse. The trial court is directed to vacate the amended final judgment and enter a new judgment for the plaintiff in the amount of $200,000, the full amount determined by the jury, and to recalculate the interest based on this figure.
FARMER, C.J., and GUNTHER, J., concur.
NOTES
[1] The purchaser settled separate litigation with various real estate brokers. The seller asked the jury to consider the liability of the brokers under Fabre v. Marin, 623 So.2d 1182 (Fla.1993), receded from in part on other grounds, Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249 (Fla.1995). This court resolved the set-off of the broker's settlement, based on a preservation issue, in Thompson v. Meyer, 825 So.2d 404 (Fla. 4th DCA 2002) (unpublished table decision).
[2] Numerous post-trial proceedings took place. The case history is confusing and irrelevant to the issue upon which we base our holding and therefore has not been included.