896 So.2d 847 (2005)
Gavi SOLORZANO, Appellant,
v.
FIRST UNION MORTGAGE CORPORATION n/k/a Wachovia Mortgage Corporation, a North Carolina corporation, Appellee.
No. 4D04-1300.
District Court of Appeal of Florida, Fourth District.
February 23, 2005.
Randall W. Henley, West Palm Beach, for appellant.
Scott E. Simowitz and Andrew K. Fishman of Moskowitz, Mandell, Salim & Simowitz, P.A., Fort Lauderdale, for appellee.
*848 SILVERMAN, SCOTT J., Associate Judge.
Gavi Solorzano appeals the dismissal of her amended complaint with prejudice for failing to state a cause of action for fraudulent nondisclosure.[1] Solorzano *849 contends the dismissal is contrary to the Florida Supreme Court's decision in Johnson v. Davis, 480 So.2d 625 (Fla.1985). We agree.
On January 21, 2004, Solorzano filed her amended complaint seeking damages against First Union Mortgage Corporation (hereinafter referred to as "Wachovia"), for fraudulent nondisclosure. The complaint alleged, in pertinent part, that:
1. In or about April 2001, Wachovia sold Solorzano residential real property;
2. That prior to the sale, Wachovia knew that the City of Lake Worth determined there were material housing code violations on the property, and that the violations materially affected the value of the property;
3. That the housing code violations were not readily observable by Solorzano at the time she purchased the property;
4. That as a result of the material nondisclosure of the then existing housing code violations, Solorzano purchased Wachovia's real property; and
5. That the material decrease in the value of the home damaged Solorzano. Specifically, the City of Lake Worth, Florida had already levied housing code violation fines on the property in excess of $57,000.
Wachovia filed a motion to dismiss. The motion alleged, in apposite part, that Solorzano failed to state a cause of action, because Wachovia sold Solorzano the residential property "as is" and that Solorzano had "ample time and opportunity to conduct due diligence, examine title, and research the existence of any code violations before the closing." Wachovia further stated that the code violations were "open, notorious, and readily observable."
On March 16, 2004, the trial court granted Wachovia's motion to dismiss the amended complaint with prejudice.
The filing of a motion to dismiss tests whether a plaintiff states a cause of action. Bell v. Indian River Mem'l Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001). When reviewing a motion to dismiss, a trial court is limited to the four corners of the complaint, and it must accept all the allegations in the complaint as true. Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001). Since a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, our standard of review is de novo. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734 (Fla.2002).
In Johnson v. Davis, 480 So.2d 625 (Fla.1985), the Florida Supreme Court recognized for the first time a cause of action for fraudulent nondisclosure in connection with real estate transactions. See Rayner v. Wise Realty Co. of Tallahassee, 504 So.2d 1361, 1363-64 (Fla. 1st DCA 1987). In Johnson, the court stated:
Accordingly, we hold that where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer. This duty is equally applicable to all forms of real property, new and used.
Id. at 629. Johnson's application is limited to non-commercial real property transactions. See Casey v. Cohan, 740 So.2d 59, 62 (Fla. 4th DCA 1999), reh'g den. (1999); Green Acres, Inc. v. First Union Nat'l Bank of Fla., 637 So.2d 363, 364 (Fla. 4th DCA 1994).
Wachovia's reliance on the "as is" provision of the sales contract in support of its motion to dismiss is misplaced. The inclusion of an "as is" clause in a contract for the sale of residential real property does not waive the duty imposed upon a seller under Johnson. Syvrud v. Today *850 Real Estate, Inc., 858 So.2d 1125, 1130 (Fla. 2d DCA 2003) ("An `as is' clause in a contract for the sale of residential real property does not waive the duty imposed by Johnson v. Davis to disclose hidden defects in the property."); Levy v. Creative Constr. Servs. of Broward, Inc., 566 So.2d 347 (Fla. 3d DCA 1990) ("[W]e discern no `as is' contractual exception to the duty imposed on the seller herein by the Johnson decision."); Rayner, 504 So.2d at 1364 ("[W]e note that generally, an "as is" clause in a contract for sale of real property cannot be relied upon to bar a claim for fraudulent misrepresentation or fraudulent nondisclosure."); see also Frank J. Wozniak, Annotation, Construction and Effect of Provision in Contract for Sale of Realty by Which Purchaser Agrees to Take Property "As Is" or in Its Existing Condition, 8 A.L.R. 5th 312 § 2a ("[I]t has generally been held or recognized that an "as is" provision in a contract for the sale of realty does not bar a vendee's claim based on allegations of fraud, misrepresentation, or nondisclosure.").
Further, whether Solorzano readily observed the alleged housing code violations or whether she had adequate time to research the alleged violations is not properly resolvable on Wachovia's motion to dismiss. As we noted in Atkins v. Topp Telecom, Inc., 873 So.2d 397, 399 (Fla. 4th DCA 2004), a motion to dismiss is not a motion for summary judgment and a trial court is precluded from relying on depositions, affidavits, or other proofs. Additionally, when ruling on a motion to dismiss, a trial court may not speculate whether a complaint's allegations will ultimately be provable. Id.; see also Mancher v. Seminole Tribe of Fla., Inc., 708 So.2d 327 (Fla. 4th DCA 1998).
We find that Solorzano stated a cause of action under Johnson. In granting Wachovia's motion to dismiss, the trial court incorrectly went beyond the four corners of the amended complaint, did not accept all the allegations as true, and mistakenly speculated on whether Solorzano will ultimately be able to prove her allegations.
Accordingly, we reverse the trial court's order dismissing the amended complaint with prejudice, and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER, J., concurs.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
I concur in the majority opinion. I write only to express my concern that dicta not be read to narrow the holding of Johnson v. Davis, 480 So.2d 625 (Fla.1985).
The majority writes that "whether Solorzano readily observed the alleged housing code violations or whether she had adequate time to research the alleged violations is not properly resolvable on Wachovia's motion to dismiss." (Emphasis added). My concern is with the italicized portion of the sentence.
In Johnson, the supreme court extended the reasoning of Besett v. Basnett, 389 So.2d 995 (Fla.1980), a case involving an "affirmative" fraudulent misrepresentation, "to the arena of nondisclosure of material facts." M/I Schottenstein Homes, Inc. v. Azam, 813 So.2d 91, 93 (Fla.2002). The supreme court described Johnson's holding as being "very clearly stated," that "where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer." M/I Schottenstein, 813 So.2d at 93 (quoting Johnson, 480 So.2d at 629).
*851 A fact that is "readily observable" in a Johnson nondisclosure case is analogous to a misrepresentation in Besett, the falsity of which is disclosed by a cursory glance; neither the nondisclosure nor the misrepresentation is actionable. Thus, I would look to Besett to define a "readily observable" fact in a Johnson nondisclosure case as one that is not obvious from a "cursory examination or investigation." M/I Schottenstein, 813 So.2d at 93 (quoting Besett, 389 So.2d at 997).
NOTES
[1] Fraudulent Nondisclosure and Fraudulent Concealment are interchangeable names for the same cause of action authorized under Johnson v. Davis, 480 So.2d 625 (Fla.1985). See Meyer v. Thompson, 861 So.2d 1256 (Fla. 4th DCA 2003); Soler v. Secondary Holdings, Inc., 771 So.2d 62 (Fla. 3d DCA 2000); Billian v. Mobil Corp., 710 So.2d 984 (Fla. 4th DCA 1998), reh'g and reh'g en banc den., rev. den., 725 So.2d 1109 (Fla.1998); Smith v. Spitale, 675 So.2d 207 (Fla. 2d DCA 1996).