PER CURIAM.
 

 In this case, appellants sued a number of entities and individuals over a condominium purchase transaction. Two counts involved appellees as real estate brokers or agents of the seller. These counts attempted to state a claim for fraudulent concealment under
 
 Johnson v. Davis,
 
 480 So.2d 625 (Fla.1985). The “duty of disclosure announced in
 
 Johnson v. Davis
 
 extends to a seller’s real estate broker.”
 
 Syvrud v. Today Real Estate, Inc.,
 
 858 So.2d 1125, 1129 (Fla. 2d DCA 2003);
 
 Revitz v. Terrell,
 
 572 So.2d 996, 998 n. 5 (Fla. 3d DCA 1990). Also,
 
 Johnson’s
 
 application is “limited to non-commercial real property transactions.”
 
 Solorzano v. First Union Mortg. Corp.,
 
 896 So.2d 847, 849 (Fla. 4th DCA 2005). The operative complaint states the elements of a
 
 Johnson
 
 claim, except it does not explicitly say that this was a non-commercial transaction. We reverse the trial court’s dismissal of this case for failure to state a cause of action against appellees. On remand, appellant shall be given leave to file an amended complaint.
 

 GROSS, C.J., DAMOORGIAN and GERBER, JJ., concur.