EVANDER, J.
 

 Suzanne Magill brought an action against Bartlett Towing, Inc., for negligent hiring, negligent retention, and negligent supervision. In her amended complaint, Magill alleged that she suffered personal injuries when a Bartlett employee, Russell Hoffman, violently pushed her to the ground immediately prior to stealing her car. At the time of the attack, Magill was not seeking any towing services from Bartlett. The trial court dismissed the amended complaint with prejudice and Magill timely appealed. We affirm. The amended complaint failed to allege a sufficient nexus between Hoffman’s employment and Magill so as to support a finding that Bartlett owed Magill a legal duty to hire and retain non-dangerous employees.
 

 The standard of review for a trial court’s order dismissing a complaint with prejudice is
 
 de novo. Fox v. Prof'l Wrecker Operators of Fla., Inc.,
 
 801 So.2d 175, 178 (Fla. 5th DCA 2001). We confine our review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pled allegations.
 
 Id.
 

 Magill’s amended complaint alleged as follows: On January 6, 2007, at approximately 7:50 p.m., Magill had just entered her vehicle that was parked near a T.J. Maxx store. As she prepared to back her vehicle out of her parking space, a Bartlett tow truck pulled up behind her with its overhead (“emergency”) lights on. Hoffman, wearing a Bartlett uniform, stepped out of the tow truck, approached Magill’s vehicle, and screamed at her to “get out of the car right now.” Magill thought that she was in danger “from an unsafe condition posed by her vehicle or another vehicle,” because Hoffman was “acting in a manner that indicated there was an urgent or emergency situation.” Magill exited her car and asked Hoffman what was wrong. Hoffman pushed Magill to the ground causing her to hit her head on the pavement. Hoffman then jumped in Ma-gill’s vehicle and sped out of the parking lot.
 

 Officer David Nye of the Altamonte Springs Police Department responded to the scene shortly after the above-described carjacking. Nye searched the tow truck and found a glass pipe “possibly containing cocaine.” Bartlett’s president gave a sworn statement to Officer Nye that evening, in which he acknowledged that Hoffman was a Bartlett employee. Hoffman had been dispatched to a different location at 4:45 p.m., had not responded to a call on
 
 *1020
 
 his cell phone at 5:45 p.m., and had been seen driving the tow truck at a third location at 7:15 p.m. Hoffman was ultimately apprehended and convicted of carjacking and burglary of a conveyance.
 

 Magill further alleged that Hoffman had a lengthy criminal history prior to being hired by Bartlett “including, but not limited to, at least six (6) arrests or convictions for crimes committed in Orange County.” These crimes included uttering a forgery, grand theft of a motor vehicle, dealing in stolen property, violation of a pawn broker transaction form, burglary of a dwelling, and burglary of a conveyance.
 

 In her amended complaint, Magill contended that Bartlett knew or should have known of Hoffman’s history of criminal behavior. She alleged that Bartlett owed her, and the public at large, a duty to hire and retain “competent, qualified, and safe employees” and had breached that duty by failing to perform an adequate background check on Hoffman and by hiring and retaining an employee who was “incompetent, unfit for employment, and dangerous.” Magill also asserted that by entrusting Hoffman with a tow truck equipped with overhead lights and an employee uniform, when it knew or should have known of his criminal record, Bartlett created a risk of harm to Magill and the public at large.
 

 On appeal, Magill does not contend that Hoffman was acting within the scope of his employment when he attacked her. However, the negligent hiring and negligent retention theories of liability permit an injured plaintiff to recover damages against an employer for acts of an employee committed outside the scope and course of employment.
 
 Garcia v. Duffy,
 
 492 So.2d 435, 438 (Fla. 2d DCA 1986). Under these theories of liability,
 
 [1]
 
 an employer can be held responsible for an employee’s willful torts if the employer knew or should have known that the employee was a threat to others.
 
 Williams v. Feather Sound, Inc.,
 
 386 So.2d 1238 (Fla. 2d DCA 1980). However, these theories of liability do not render an employer strictly liable for criminal acts committed by a “dangerous employee” against a third person.
 
 Garcia,
 
 492 So.2d at 439 (“Such unrestricted liability would be an intolerable and unfair burden on employers.”). A plaintiff must first establish that an employer owed a legal duty to that particular plaintiff to exercise reasonable care in hiring and retaining safe and competent employees.
 
 Id.
 
 In order for an employer to owe a particular plaintiff such a duty, that plaintiff must be within a zone of risk that was reasonably foreseeable to the employer.
 
 Id.
 
 Whether a duty exists is a question of law.
 
 McCain v. Fla. Power & Light Corp.,
 
 593 So.2d 500, 502 (Fla.1992).
 

 In determining the class of persons within the reasonably foreseeable zone of risk, Florida courts have recognized that if employers are to be exposed to liability for acts of their employees committed outside the scope of their employ
 
 *1021
 
 ment, there must be some rational basis for limiting the boundaries of that liability.
 
 Tallahassee Furniture Co. v. Harrison, Inc.,
 
 583 So.2d 744, 750-51 (Fla. 1st DCA 1991). That limitation on liability was explained by the
 
 Garcia
 
 court as follows:
 

 Only when an employer has somehow been responsible for bringing a third person into contact with an employee, whom the employer knows or should have known is predisposed to committing a wrong under circumstances that create an opportunity or enticement to commit such a wrong, should the law impose liability on the employer.
 

 Garcia,
 
 492 So.2d at 439;
 
 see also, Tallahassee Furniture Co.,
 
 583 So.2d at 751. Stated differently, the plaintiff is required to allege facts that would establish some relationship or nexus between the plaintiff and the tortfeasor’s employment from which a legal duty would flow from the defendant-employer to that particular plaintiff.
 
 Garcia,
 
 492 So.2d at 440.
 

 Here, the amended complaint fails to allege facts sufficient to establish a legal duty flowing from Bartlett to Magill. Hoffman’s attack did not occur on Bartlett’s premises.
 
 See, e.g., Mallory v. O’Neil,
 
 69 So.2d 313 (Fla.1954) (complaint stated cause of action where alleged dangerous employee attacked plaintiff on employer’s premises). Nor did Hoffman meet Magill as a direct consequence of his employment.
 
 See, e.g., Tallahassee Furniture Co.
 
 (employer found liable for employee’s attack on plaintiff at her residence where initial contact between plaintiff and employee occurred when employee delivered furniture to plaintiff on behalf of employer). Furthermore, there was no allegation that Bartlett would receive a benefit or potential benefit from the meeting of Hoffman and Magill had the wrongful act not occurred. Hoffman had not been dispatched to Magill’s location, nor was Magill in need of tow truck service. Hoffman’s contact with Magill was simply unrelated to his employment by Bartlett.
 

 Magill also argues that by entrusting Hoffman with a uniform and a tow truck with overhead lights, Bartlett provided Hoffman with “indicia of authority” which helped facilitate his illegal conduct and thereby rendered Bartlett liable for Hoffman’s criminal actions. Specifically, Magill contends that but for these “indicia of authority,” she would not have exited her vehicle. We reject this argument. Magill does not cite to any authority that would suggest one has an obligation or duty to comply with another person’s directive, solely because that other person is wearing a tow truck service uniform and/or is driving a tow truck vehicle with its overhead (“emergency”) lights on.
 
 [2]
 

 The trial court properly dismissed Ma-gill’s complaint.
 
 [3]
 

 AFFIRMED.
 

 SAWAYA and COHEN, JJ., concur.
 

 [1]
 

 . The principal difference between negligent hiring and negligent retention, as a basis for employer liability, is the time at which the employer is charged with knowledge of the employee's unfitness. Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee’s unfitness. In negligent hiring cases, a primary focus is whether the employer conducted an adequate pre-employment investigation into the prospective employee's background.
 

 Negligent retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action, such as investigation, discharge, or reassignment.
 
 Garcia v. Duffy,
 
 492 So.2d 435, 438-39 (Fla. 2d DCA 1986).
 

 [2]
 

 . Magill's negligent supervision count was also properly dismissed because it was based on the erroneous assertion that Bartlett owed her a legal duty to not entrust a uniform and tow truck to "a known criminal.”
 

 [3]
 

 . In her brief, Magill also contended that the trial court erred in failing to give her an opportunity to file a second amended complaint. However, we find it unnecessary to address this issue because, during oral argument, appellant’s counsel acknowledged that there were no additional factual allegations to
 
 *1022
 
 be made in a subsequent amended pleading regarding the legal duty/nexus issue. We are appreciative of counsel’s candor.