GERBER, J.
The plaintiff appeals from the circuit court’s final summary judgment in favor of defendant East Coast Furniture Co. (the “defendant”) on his claims for negligent hiring, negligent retention, and vicarious liability arising out of an incident in which the defendant’s employee swung a padlock at him, hitting him in the eye. On the *923 negligent hiring and negligent retention claims, the plaintiff argues the court erred in finding that, at the time of the incident, the defendant did not owe a duty to him. On the vicarious liability claim, the plaintiff argues he presented sufficient evidence to create a genuine issue of material fact that, at the time of the incident, the defendant’s employee was acting in the course of his employment and to further the defendant’s interests. We disagree with the plaintiff on the negligent hiring and negligent retention claims, but agree with the plaintiff on the vicarious liability claim. Therefore, we affirm in part and reverse in part.
The record presents the following facts. The defendant’s employee was driving the defendant’s truck in between jobs when the truck and the plaintiffs truck collided. The plaintiff and the defendant’s employee pulled into a parking lot. The plaintiff exited his truck and approached the driver’s side of the defendant’s truck. The defendant’s employee grabbed a padlock and swung it in the plaintiffs direction, hitting him in the eye. The defendant’s employee later testified at his deposition that the plaintiff tried to pull him out of the truck through the window. According to the employee, he thought the plaintiff was trying to rob him of the cash he was carrying for the defendant’s business, and so he swung the padlock in the plaintiffs direction to prevent the robbery. The plaintiff, during his deposition, denied that he was the aggressor.
The plaintiff sued the defendant and the employee. The complaint contained five counts. Count I related to the collision and is not relevant here. Count II alleged a negligence claim against the employee for the padlock incident and also alleged a vicarious liability claim against the defendant for the employee’s alleged negligence in the padlock incident. Count III alternatively alleged a battery claim against the employee for the padlock incident. Counts IV and V respectively alleged a negligent hiring claim and a negligent retention claim against the defendant arising out of its alleged knowledge of its employee’s criminal history before the padlock incident.
The defendant moved for summary judgment on the negligent hiring, negligent retention, and vicarious liability claims. On the negligent hiring and negligent retention claims, the defendant argued that it did not owe a duty to the plaintiff because he was not within its foreseeable zone of risk for the padlock incident. On the vicarious liability claim, the defendant argued that it could not be held hable because the padlock incident did not arise out of the use of its vehicle and, therefore, its employee could not have been acting to further its interest. The circuit court agreed with the defendant’s arguments and granted the defendant’s motion for summary judgment as to all three claims.
This appeal followed. On the negligent hiring and negligent retention claims, the plaintiff argues the court erred in finding that, at the time of the padlock incident, the defendant did not owe a duty to him. On the vicarious liability claim, the plaintiff argues he presented sufficient evidence to create a genuine issue of material fact that, at the time of the padlock incident, the defendant’s employee was acting in the course of his employment and to further the defendant’s interests. Based on these arguments, our review is de novo. See R.J. Reynolds Tobacco Co. v. Grossman, 96 So.3d 917, 2012 WL 2400887 (Fla. 4th DCA 2012) (“The existence of a legal duty is purely a question of law and is subject to de novo review.”) (citation omitted); Flueras v. Royal Caribbean Cruises, Ltd., 69 So.3d 1101, 1107 (Fla. 3d DCA 2011) (an *924 appellate court reviews an order granting summary judgment de novo to decide whether, after drawing every inference in favor of the non-moving party, there is any genuine issue of material fact).
On the negligent hiring and negligent retention claims, we agree with the circuit court’s finding that, at the time of the padlock incident, the defendant did not owe a duty to the plaintiff. The fifth district recently reached the same conclusion in a case with similar facts, Magill v. Bartlett Towing, Inc., 35 So.3d 1017 (Fla. 5th DCA 2010). In Magill, the defendant’s tow truck driver, who had a criminal history, was off duty when he pulled up behind the plaintiffs car in the defendant’s tow truck with its emergency lights on. The driver stepped out of the truck, approached the plaintiffs car, and screamed at her to get out of her car. When the plaintiff complied, the driver pushed her to the ground and stole her car. The plaintiff sued the defendant for negligent hiring and negligent retention. The circuit court dismissed the action. The fifth district affirmed. According to our sister court, the theories of negligent hiring and negligent retention “do not render an employer strictly liable for criminal acts committed by a ‘dangerous employee’ against a third person.” Id. at 1020 (citation omitted). The court stated that, for an employer to owe a plaintiff a duty to exercise reasonable care in hiring and retaining safe and competent employees, “that plaintiff must be within a zone of risk that was reasonably foreseeable to the employer.” Id. (citation omitted). The court explained that “the plaintiff is required to allege facts that would establish some relationship or nexus between the plaintiff and the tortfeasor’s employment from which a legal duty would flow from the defendant-employer to that particular plaintiff.” Id. at 1021 (citation omitted). Applying the foregoing principles, the court concluded that the plaintiff did not allege a sufficient nexus between her and the driver’s employment to support a finding that the defendant owed her a duty to hire and retain non-dangerous employees. Id. The court reasoned, among other things, that the driver did not meet the plaintiff as a direct consequence of his employment. Id.
Here, like the fifth district in Magill, we conclude that the plaintiff did not allege a sufficient nexus between him and the employee’s employment to support a finding that the defendant owed him a duty to hire and retain non-dangerous employees. The employee did not meet the plaintiff as a direct consequence of his employment and, in our opinion, his contact with the plaintiff during the padlock incident would not have been reasonably foreseeable to the defendant in the context of hiring or retaining its employee. Cf. Tallahassee Furniture Co. v. Harrison, 583 So.2d 744, 750-51 (Fla. 1st DCA 1991) (facts were sufficient to show the defendant owed a duty to the plaintiff where the plaintiff, as the defendant’s customer, came into contact with the defendant’s employee as the direct result of the employment).
The plaintiff attempts to distinguish Ma-gill on the basis that, in Magill, the defendant’s driver was off duty and not seeking to further his employer’s interest when he injured the plaintiff, but in this case, the defendant’s employee was on duty and, according to his testimony, was seeking to further the defendant’s interest when he injured the plaintiff. While the plaintiff is correct in that distinction, it is a distinction without a difference as to a negligent hiring or negligent retention claim. To establish a duty on such a claim, the issue is not whether the incident occurred while the defendant’s employee was on duty or off duty or whether the employee was seeking to further the defendant’s interest. *925 See Magill, 35 So.3d at 1020 (“[T]he negligent hiring and negligent retention theories of liability permit an injured plaintiff to recover damages against an employer for acts an employee committed outside the scope and course of employment.”) (citation omitted). The issue is whether the incident was reasonably foreseeable. Id. Here, we conclude that the padlock incident was not reasonably foreseeable to the defendant in the context of hiring or retaining its employee, and thus it owed no duty to the plaintiff. To paraphrase Ma-gill, holding otherwise potentially would render the defendant strictly liable under theories of negligent hiring or negligent retention for tortious acts committed by a “dangerous employee” against a third person. /A
The vicarious liability claim, however, is another matter. On that claim, the issue is not whether the incident was reasonably foreseeable. The issue is whether the employee committed the alleged negligent act: (1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer. “Generally ... batteries by employees are held to be outside the scope of an employee’s employment and, therefore, insufficient to impose vicarious liability on the employer.” Nazareth v. Herndon Ambulance Serv., Inc., 467 So.2d 1076, 1078 (Fla. 5th DCA 1985) (citations omitted). However, if the employee committed the battery “during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer,” then a plaintiff still may impose vicarious liability on the employer. Id.
Here, the plaintiff presented sufficient evidence to create a genuine issue of material fact that the defendant’s employee swung the padlock during the course of his employment and to further the defendant’s purpose or interest. The employee testified at his deposition that he thought the plaintiff was trying to rob him of the cash he was carrying for the defendant’s business, and so he swung the padlock in the plaintiffs direction to prevent the robbery. If the plaintiff proves this fact to be true at trial and otherwise satisfies his burden of proof as to the employee’s alleged negligence, then the plaintiff may impose vicarious liability on the defendant for such negligence.
In sum, the circuit court did not err in granting the defendant’s motion for summary judgment as to the plaintiffs negligent hiring and negligent retention claims arising out of the padlock incident. However, the court erred in granting the defendant’s motion for summary judgment as to the plaintiffs vicarious liability claim against the defendant for the employee’s alleged negligence in the padlock incident. We reverse and remand for reinstatement of the vicarious liability claim.

Affirmed in part, reversed in part, and remanded.

TAYLOR and CIKLIN, JJ., concur.