DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BATYA GOODMAN,**
Appellant,

v.

**ROSE REALTY WEST, INC.,** a/k/a **CENTURY 21 ROSE REALTY
WEST, INC., DONALD J. SARLEY, ORNA SARLEY, FLEET
INSPECTIONS, INC., AND REALTY ASSOCIATES FLORIDA
PROPERTIES, INC.,**
Appellees.

No. 4D15-285

[May 11, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. CACE 13-019717 (12).

Jon Polenberg, Jude C. Cooper and Yasin Daneshfar of Polenberg Cooper, PLLC, Fort Lauderdale, for appellant.

Bradford J. Beilly and John Strohsahl of Beilly & Strohsahl, P.A., Fort Lauderdale, for appellee, Rose Realty West, Inc., a/k/a Century 21 Rose Realty West, Inc.

GROSS, J.

The buyer in a residential real estate sale brought a fraudulent nondisclosure action against the seller and the seller's real estate broker, Rose Realty West, Inc., among others. *See Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985). Without explanation, the circuit court granted the broker's motion for summary judgment and entered judgment for the broker. Viewing the facts in the light most favorable to the buyer, we reverse because issues of fact exist concerning the broker's liability.

> A trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law. All doubts and inferences must be resolved against the

> moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available.

*Reeves v. N. Broward Hosp. Dist.*, 821 So. 2d 319, 321 (Fla. 4th DCA 2002) (citation omitted). We therefore state the facts in the light most favorable to the buyer, the non-moving party in the summary judgment below. *Winn-Dixie Stores, Inc. v. Dolgencorp, Inc.*, 964 So. 2d 261, 262 (Fla. 4th DCA 2007).

A twist in this case is that the seller of the home was also his own real estate agent on the transaction, affiliated with Rose Realty, the seller's broker. The seller completed a disclosure worksheet indicating that he had no knowledge of any defects in the home. After closing, the buyer discovered many defects materially affecting the value of the property, which were not readily observable and not known to the buyer.

When the seller replaced his seller's hat with that of a real estate agent, his knowledge about the condition of his home remained the same. *Johnson v. Davis* requires a seller of residential real estate to disclose to a buyer all known facts "materially affecting the value of the property which are not readily observable and are not known to the buyer . . . ." *Johnson*, 480 So. 2d at 629. The duty of disclosure announced in *Johnson* extends to a seller's real estate broker. *Syvrud v. Today Real Estate, Inc.*, 858 So. 2d 1125, 1129 (Fla. 2d DCA 2003); *Revitz v. Terrell*, 572 So. 2d 996, 998, n.5 (Fla. 3d DCA 1990). Accepting as we must, the buyer's version of the facts, the seller/agent knew of facts that materially affected the value of the property, and he failed to disclose them to the buyer.

A principal is civilly liable for the tortious acts of his agent that are within the scope of the agent's employment, "even where the agent's acts or representations are fraudulent or deceitful . . . ." *Nessim v. DeLoache*, 384 So. 2d 1341, 1344 (Fla. 3d DCA 1980). Conduct is within the scope of an agency if it is motivated, at least in part, by a purpose to serve the principal. *See Hennagan v. Dep't of Highway Safety & Motor Vehicles*, 467 So. 2d 748, 751 (Fla. 1st DCA 1985) cited with approval in *McGhee v. Volusia Cty.*, 679 So. 2d 729, 732 (Fla. 1996); *see also Valeo v. E. Coast Furniture Co.*, 95 So. 3d 921, 925 (Fla. 4th DCA 2012) (recognizing that an employer could be liable for an employee's battery committed during course of employment, if to further a "purpose or interest" of the employer, however "excessive or misguided").

If the seller/agent withheld material information, this was done during his work as a real estate agent to facilitate a sale, which was in the interest of the principal/broker, who would earn a commission. We reject the broker's argument that the seller/agent was acting outside the scope of his agency *because* he was engaged in fraudulent conduct. No legitimate

- 2 -

business countenances fraud.  This application of the law would swallow the rule described in the preceding paragraph.

We do not comment on the validity of the broker's defenses except to say that their application involves disputed issues of fact, so that summary judgment was not proper.

*Reversed and remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***